| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Crystle Lindsey (SBN 207291)<br>Ghidotti \| Berger LLP<br>1920 Old Tustin Ave<br>Santa Ana, CA 92705<br>Ph: 949-427-2010<br>Fax: 949-427-2732<br>Email: bknotifications@ghidottiberger.com<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Fernando Fernandez | CASE NO.: 2:25-bk-19100-WB |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)** |
| Debtor(s). | DATE: 11/25/2025<br>TIME: 10:00 a.m.<br>COURTROOM: 1375 |

| **Movant:** CAFL 2024-RTL1 Issuer, LP |
|---|

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) 11/18/2025  and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 11/05/2025

Ghidotti | Berger LLP
_____
Printed name of law firm (if applicable)

Crystle Lindsey
_____
Printed name of individual Movant or attorney for Movant

/s/ Crystle Lindsey
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

      *Street address*: 4416 Mont Eagle Place
      *Unit/suite number*:
      *City, state, zip code*: Los Angeles, CA 90041

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __2__):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
      was filed on (*date*)  __10/14/2025__ .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☒ The bankruptcy case was filed in bad faith.

         (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 3                                      **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

   (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

   (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☐ Multiple bankruptcy cases affecting the Property.

**5.** ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

**6.** **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 10____.

d. ☒ Other:
Ex. 1 - Note; Ex. 2 - Deed of Trust; Ex. 3 - Assignments; Ex. 4 -  Notice of Default; Ex. 5 - Notice of Sale; Ex. 6 - Grant Deed; Ex. 7 - City Notice to Comply; Ex. 8 - Broker's Price Opinion; Ex. 9 - Payoff Statement; and Ex. 10 - Debtor's Bankruptcy Petition

**7.** ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  _11/05/2025_

Ghidotti | Berger LLP
_____
Printed name of law firm (*if applicable*)
Crystle Lindsey
_____
Printed name of individual Movant or attorney for Movant

/s/ Crystle Lindsey
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                         Page 5                            F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Jennifer Leuenberger _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐  I am the Movant.

   b. ☒  I am employed by Movant as (*state title and capacity*):

   c. ☐  Other (*specify*):

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (*see attached*):

3. The Movant is:

   a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit  2____.

   c. ☐  Servicing agent authorized to act on behalf of the:

      ☐  Holder.
      ☐  Beneficiary.

   d. ☐  Other (*specify*):

4. a. The address of the Property is:

   *Street address*: 4416 Mont Eagle Place
   *Unit/suite no.*:
   *City, state, zip code*:Los Angeles, CA 90041

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   Legal description set forth in the Deed of Trust recorded September 16, 2024, as Instrument No. 20240627585 in the Official Records of Los Angeles County (Ex. 2).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                             Page 6                                      F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

    a. ☒ Debtor's principal residence     b. ☐ Other residence
    c. ☐ Multi-unit residential     d. ☐ Commercial
    e. ☐ Industrial     f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☐ Other (*specify*):

    e. ☐ The Debtor ☐ did ☐ did not  list the Property in the Debtor's schedules.

    f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

        The deed was recorded on (*date*) <u>Unrecorded</u>

7. Movant holds a  ☒ deed of trust  ☐ judgment lien  ☐ other (*specify*) _____
    that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit <u>2</u>.

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit <u>1</u>.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit <u>3</u>.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 843,842.26 |
| b. | Accrued interest: | $ | $ | $ 75,383.24 |
| c. | Late charges | $ | $ | $ 4,387.78 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 7,264.91 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 1,186.86 |
| f. | Less suspense account or partial balance paid: | $[     ] | $[     ] | $[     ] |
| g. | TOTAL CLAIM as of (*date*):  10/28/2025 | $ | $ | $932,065.05 |

    h. ☒ Loan is all due and payable because it matured on (*date*) <u>09/09/2025</u>

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) <u>06/16/2025</u> or ☐ none recorded.

    b. Notice of sale recorded on (*date*) <u>09/23/2025</u> or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) <u>10/15/2025</u> or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) <u>10/29/2025</u> or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10.  Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11.  ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

   b.  Number of payments that have come due and were not made: _____. Total amount: $_____

   c.  Future payments due by time of anticipated hearing date (*if applicable*):

      An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d.  The fair market value of the Property is $_____, established by:

      (1)  ☐  An appraiser's declaration with appraisal is attached as Exhibit _____.

      (2)  ☐  A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

      (3)  ☐  A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

      (4)  ☐  Other (*specify*):

   e.  **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

   f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

      (1)  ☐  Preliminary title report.

      (2)  ☐  Relevant portions of the Debtor's schedules.

      (3)  ☐  Other (*specify*):

   g.  ☐  **11 U.S.C § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h.  ☐  **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                            Page 8                            **F 4001-1.RFS.RP.MOTION**

i.  ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:


12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 11/20/2025___.
    A plan confirmation hearing currently scheduled for (or concluded on) the following date: 12/17/2025___.
    A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                    $
    (*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                                $
    (*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                           $[                    ]

                    TOTAL POSTPETITION DELINQUENCY:                          $

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
    An additional payment of $_____ will come due on _____, and on
    the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
    charge of $_____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

    $_____    received on (*date*) _____
    $_____    received on (*date*) _____
    $_____    received on (*date*) _____

i.  ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
       A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
       13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 9                         **F 4001-1.RFS.RP.MOTION**

13. ☒ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other (*specify*):
    The Property was transferred to Debtor for no consideration immediately before foreclosure sale and Debtor's bankruptcy filing. Prior to the transfer, Debtor had no interest in the Property and has no contractual obligation to Movant. The conveyance and filing were timed solely to halt a duly noticed foreclosure sale. The loan matured on 09/09/2025 and is due in full and Debtor has no ability to pay in full.

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
           Chapter: _____ Case number: _____
           Date dismissed: _____ Date discharged: _____ Date filed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/27/2025 | 2:17 PM PDT | Jennifer Leuenberger | *Jennifer Leuenberger* |
| --- | --- | --- |
| *Date* | *Printed name* | *Signature* |

DocuSigned by:
87652ED24498494...

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY

### I.   INTRODUCTION

This Chapter 13 case is not about repayment of debts but part of a scheme to prevent a lawfully noticed foreclosure sale. Secured Creditor CAFL 2024-RTL1 Issuer, LP ("Movant") seeks relief from the automatic stay to enforce its deed of trust encumbering the real property commonly known as 4416 Mont Eagle Place, Los Angeles, CA 90041, APN 5474-043-014 (the "Property").

The same day as this bankruptcy filing, the borrower under the promissory note and deed of trust secured by the Property, Casa For You, LLC ("Casa"), transferred title of the Property to Debtor Fernando Fernandez ("Debtor") for no consideration, describing the conveyance as a "bona fide gift." On October 14, 2025 (the "Petition Date"), one day before Movant's noticed foreclosure sale, the Debtor filed this skeletal Chapter 13 petition.

The timing and circumstances demonstrate a deliberate scheme to hinder and delay Movant's lawful foreclosure sale. Movant requests relief for cause under 11 U.S.C. § 362(d)(1), for lack of equity and necessity under § 362(d)(2), and in rem relief under § 362(d)(4) so that the resulting order may be recorded and remain binding in any subsequent bankruptcy affecting the Property for two years.

### II.   RELEVANT FACTS

#### A.   Loan Origination, Security, Assignment, and Default

On September 9, 2024, Casa executed a Secured Promissory Note in the maximum principal amount of $1,718,580 in favor of CoreVest American Finance Lender, LLC ("CoreVest"). The Note matured on September 9, 2025, and the entire balance became immediately due and payable.

To secure repayment, Casa executed a Deed of Trust in favor of Chicago Title Company, as trustee and nominee for CoreVest. The Deed of Trust was

recorded on September 16, 2024, as Instrument No. 20240627585 in the Official Records of Los Angeles County. In connection with the same transaction, Salvador Eloy Fernandez, Casa's managing member, executed a personal guaranty guaranteeing Casa's obligations. True and correct copies of the Note and Deed of Trust are attached as **Exhibits 1 and 2**.

Through a series of recorded assignments, the beneficial interest under the Deed of Trust was transferred from CoreVest to Movant. True and correct copies of all recorded Assignments of Deed of Trust, including the final assignment recorded on May 20, 2025 as Instrument No. 20250334336, are attached collectively as **Exhibit 3.**

Casa defaulted on its obligations under the Note, prompting the recording of a Notice of Default on June 16, 2025, followed by a Notice of Trustee's Sale on September 23, 2025, scheduling the foreclosure sale for October 15, 2025. True and correct copies are attached as **Exhibits 4 and 5**.

**B.    Transfer to Debtor and Debtors' Instant Bankruptcy Filing**

On the Petition Date, and while in default and facing foreclosure, Casa executed a Grant Deed transferring title to the Property to the Debtor "as a bona fide gift," expressly stating that "the grantor received nothing in return." Movant did not authorize or receive notice of this transfer. A true and correct copy of the Grant Deed is attached as **Exhibit 6**.

**C.    Property Value, Condition, and Loan Payoff**

The Property is in extremely poor condition and uninhabitable. It consists primarily of a bare frame, lacking functional bedrooms, a kitchen, or bathrooms. On October 2, 2025, the City of Los Angeles Department of Building and Safety issued a Notice and Order to Comply citing multiple code violations, including unsafe and substandard conditions, unsecured openings, and accumulation of debris. The notice requires corrective work to bring the structure into compliance and warns of potential enforcement action if repairs

are not completed. A true and correct copy of the City Notice is attached as **Exhibit 7**.

Although Debtor claims the Property as his residence, it remains uninhabitable, and neither Debtor nor Casa has undertaken any repairs or maintenance. A Broker Price Opinion prepared by Clear Capital on September 19, 2025, estimates the Property's as-is value at $550,000 and repaired value at $950,000, identifying approximately $300,000 in needed exterior repairs. A true and correct copy is attached as **Exhibit 8**. Casa has not made a payment since March 2025, and Debtor has remitted no adequate-protection payments since filing his bankruptcy case.

As of October 28, 2025, Movant's total secured claim is $932,065.05, consisting of unpaid principal of $843,842.26, accrued interest of $75,383.24, late charges of $4,387.78, and foreclosure-related fees and advances totaling $8,451.77. The Note accrues interest at variable rates between 10.5 % and 15.5 % per annum, with daily interest of $363.32. The foreclosure sale was scheduled for October 29, 2025. A true and correct copy of the Payoff Statement confirming these amounts is attached as **Exhibit 9**.

## III.   LEGAL ARGUMENT

### A.    <u>Relief for Cause Under § 362(d)(1)</u>

Under 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay "for cause." A debtor's lack of good faith constitutes cause for such relief. *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986); *In re Duvar Apts., Inc.*, 205 B.R. 196, 200–01 (B.A.P. 9th Cir. 1996); *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994).

Here, Casa transferred the Property to Debtor for no consideration after default and immediately before this skeletal Chapter 13 filing. Debtor has no contractual relationship with Movant and no ability to cure the borrower's default. The conveyance and filing were timed solely to halt a duly noticed

foreclosure sale and not to effectuate a bona fide Chapter 13 repayment plan. These circumstances constitute bad faith and therefore "cause" to terminate the stay under § 362(d)(1).

In addition, cause exists because Movant's interest is not adequately protected. The Property is uninhabitable and in deteriorating condition, exposing Movant to ongoing waste and municipal code enforcement risk. Casa has been in default since March 2025 and has made no payments. Under these circumstances, Movant's collateral position is eroding, and relief from stay is warranted. *See In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (finding cause where failure to maintain property impaired secured creditor's interest).

## B.   Relief Under § 362(d)(2)

Relief from stay is mandatory if the debtor lacks equity in the property and the property is not necessary to an effective reorganization. *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988); *Duvar Apartments*, 205 B.R. at 200.

Movant's claim totals $932,065.05 as of October 28, 2025, accruing daily interest of $363.32 (approximately $10,899.60 per month) (Ex. 9). By contrast, the Property's as-is value is $550,000 based on the September 19, 2025 Broker Price Opinion (Ex. 8). The Debtor therefore has no equity, with the loan exceeding value by more than $382,000. Moreover, the loan has matured, and the entire indebtedness is now due and payable as of September 9, 2025. As a matured commercial obligation, it cannot be cured or restructured through a Chapter 13 plan.

The Property is also not necessary to an effective reorganization. Debtor is not the borrower under the Note, has no contractual obligation to cure default, and cannot feasibly propose a plan that would restructure another entity's commercial loan. Under *Timbers*, a debtor must show "a reasonable possibility of a successful reorganization within a reasonable time." 484 U.S.

at 376. No such prospect exists here. *Duvar Apartments*, 205 B.R. at 200 (affirming relief where debtor lacked equity and any realistic reorganization purpose).

Accordingly, relief under § 362(d)(2) is mandatory.

## C.   In Rem Relief Under § 362(d)(4)

To obtain in rem relief, Movant must establish: (1) the existence of a scheme; (2) whose object is to hinder, delay, or defraud creditors; and (3) that the scheme involved either an unauthorized transfer of an interest in the property or multiple bankruptcy filings affecting the property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870–71 (B.A.P. 9th Cir. 2012); *In re Jimenez*, 613 B.R. 537, 542–43 (B.A.P. 9th Cir. 2020); *In re Gasprom, Inc.*, 500 B.R. 598, 603–04 (B.A.P. 9th Cir. 2013).

Each element is satisfied here:

<u>Scheme</u>: Casa For You, LLC transferred title to the Property to Debtor on the same day as this bankruptcy filing and immediately before a lawfully noticed foreclosure sale.

<u>Object</u>: The timing and circumstances of the transfer—executed for no consideration, coinciding with a pending foreclosure, and followed by a skeletal petition—demonstrate a clear intent to hinder and delay Movant's enforcement of its lien rights.

<u>Unauthorized Transfer</u>: The conveyance occurred without Movant's consent and in violation of the Deed of Trust's restriction against transfers not made in accordance with the Loan Agreement. As in *Gasprom*, where the debtor transferred property to an insider immediately before foreclosure to frustrate a creditor, this transaction reflects the same abuse of the bankruptcy process. *See Gasprom*, 500 B.R. at 603–04. Likewise, *Jimenez* and *First Yorkshire* confirm that a prepetition transfer coupled with a bad-faith filing constitutes the precise "scheme to hinder, delay, or defraud creditors" targeted

by § 362(d)(4). *Jimenez*, 613 B.R. at 543; *First Yorkshire*, 470 B.R. at 870–71.

Accordingly, the Court should grant in rem relief under § 362(d)(4).

### D.   Waiver of 14-Day Stay

Under Fed. R. Bankr. P. 4001(a)(3), the Court has discretion to waive or shorten the 14-day stay of enforcement when justified by the record. *In re A Partners, LLC*, 344 B.R. 114, 121 (Bankr. E.D. Cal. 2006); *In re Van Ness*, 399 B.R. 897, 900 (Bankr. E.D. Cal. 2009).

Given Debtor's bad-faith filing, the imminent foreclosure, and the continuing accrual of interest and fees, waiver of the fourteen-day stay is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests an order:

1.     Terminate the automatic stay as to Movant under 11 U.S.C. § 362(d)(1) and (d)(2);

2.     Grant in rem relief under § 362(d)(4), authorize recordation of the order, and provide that it shall be binding in any bankruptcy case filed within two years that purports to affect the Property;

3.     Waive the fourteen-day stay of Fed. R. Bankr. P. 4001(a)(3); and

4.     Grant such other and further relief as the Court deems just and proper.

DATED:  November 5, 2025                    GHIDOTTI | BERGER, LLP


                                            By:   */s/ Crystle Lindsey*
                                                  Crystle Lindsey, Esq.
                                                  Attorneys for Movant CAFL 2024-
                                                  RTL1 Issuer, LP

## DECLARATION SUPPORT OF MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY

I, Jennifer Leuenberger, declare:

1.    I am _SVP ASSET MANAGEMENT, OPERATIONS_ for CoreVest American Finance Lender, LLC ("CoreVest"), which services the subject loan on behalf of CAFL 2024-RTL1 Issuer, LP ("Movant"). I have personal knowledge of the matters stated herein or have reviewed the business records made and maintained in the ordinary course of business. If called as a witness, I could and would competently testify to the same.

2.    I make this declaration in support of Movant's Motion for Relief from the Automatic Stay. I have personal knowledge of the facts set forth herein, and, where based on information contained in the business records of CoreVest and/or Movant, I am qualified to testify to those records under Federal Rule of Evidence 803(6).

3.    CoreVest maintains records for the subject loan in the ordinary course of business. These records are made at or near the time of the events they reflect by, or from information transmitted by, persons with knowledge of those events. They are kept in the regular course of CoreVest's business activity, and it is the regular practice of CoreVest to make and keep such records. I am a custodian of those records, or otherwise qualified to testify to their authenticity. The exhibits referenced below are true and correct copies of those records.

4.    Movant is the current beneficiary under a Deed of Trust recorded against the real property commonly known as 4416 Mont Eagle Place, Los Angeles, California 90041 (the "Property"). The Deed of Trust secures repayment of a Secured Promissory Note dated September 9, 2024, executed by Casa For You, LLC ("Casa") in favor of CoreVest in the principal amount of $1,718,580.00. The beneficial interest under the Deed of Trust was assigned to Movant through a series of recorded assignments. The Note matured on September 9, 2025, and the entire balance became immediately due and payable. True and correct copies of the Note, Deed of Trust, and Assignments are attached as **Exhibits 1, 2,** and **3**.

5.   Casa defaulted on its payment obligations by failing to make the March 2025 payment and all subsequent installments. A Notice of Default was recorded on June 16, 2025, followed by a Notice of Trustee's Sale recorded on September 23, 2025, scheduling the foreclosure sale for October 29, 2025. True and correct copies of these documents are attached as **Exhibits 4 and 5**.

6.   On the same day this Chapter 13 bankruptcy case was filed—October 14, 2025—Casa executed a Grant Deed transferring title to the Property to Fernando Fernandez, the Debtor, for "no consideration," described as a "bona fide gift." Movant did not authorize or receive notice of this transfer. A true and correct copy of the Grant Deed is attached as **Exhibit 6**.

7.   The Property is in extremely poor condition and uninhabitable. On October 2, 2025, the City of Los Angeles Department of Building and Safety issued a Notice and Order to Comply citing the Property for multiple violations, including unsafe and substandard conditions, unsecured openings, and accumulation of debris. The notice requires corrective work to bring the structure into compliance and warns of potential enforcement action if repairs are not completed. A true and correct copy of the City's Notice and Order to Comply is attached as **Exhibit 7**.

8.   A Broker Price Opinion prepared by Clear Capital dated September 19, 2025, estimates the Property's as-is value at $550,000 and its repaired value at $950,000, identifying approximately $300,000 in required exterior repairs. A true and correct copy of the Broker Price Opinion is attached as **Exhibit 8**.

9.   The Note accrues interest at variable rates between 10.5% and 15.5% per annum, with daily interest of $363.32. As of October 28, 2025, the total amount due under the Note is $932,065.05, consisting of unpaid principal of $843,842.26, accrued interest of $75,383.24, late charges of $4,387.78, and foreclosure-related fees and advances of $8,451.77. A true and correct copy of the payoff statement confirming these amounts is attached as **Exhibit 9**.

10.    The Property remains in substandard condition, subject to City code enforcement, and continues to deteriorate, thereby impairing Movant's collateral position and leaving its interest unprotected.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _**11/03**_, 2025, at _____**11:43AM**_____.

_____
Jennifer Leuenberger

DECLARATION IN SUPPORT OF MOTION FOR RELIEF

# EXHIBIT "1"

## SECURED PROMISSORY NOTE

$1,718,580.00                                                                                   New York, NY
                                                                                                   September 09, 2024

FOR VALUE RECEIVED, and upon the terms and conditions set forth herein, CASA FOR YOU, LLC, a(n) California limited liability company (the "**Borrower**"), promises to pay to the order of COREVEST AMERICAN FINANCE LENDER LLC, a Delaware limited liability company (together with its successors and assigns, the "**Lender**"), in lawful money of the United States of America in immediately available funds at 4 Park Plaza, Suite 900, Irvine, CA 92614, or at any such other place as may be designated in writing by Lender, the maximum principal sum of ONE MILLION SEVEN HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED EIGHTY AND NO/100 DOLLARS ($1,718,580.00), or so much thereof as may be advanced from time to time pursuant to the Loan Agreement (defined below), together with interest on such principal sum from time to time outstanding, until paid, at the rate or rates per annum and payable on such dates as provided in the Loan Agreement, together with all other amounts payable under the Loan Agreement and the other Loan Documents, and to be paid in accordance with the terms of this Secured Promissory Note (this "**Note**") and the Loan Agreement.

This Note is made pursuant to that certain Loan Agreement of even date herewith between Borrower and Lender (as the same may be amended, modified, supplement or restated from time to time, the "**Loan Agreement**") with respect a loan (the "**Loan**") in an amount not to exceed the Loan Amount to be disbursed upon the terms and conditions set forth in the Loan Agreement. The Loan proceeds will be disbursed in one or more Advances pursuant to the terms and conditions of the Loan Agreement. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Loan Agreement.

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rate or rates and at the times specified in the Loan Agreement and the outstanding balance of the principal sum of this Note, all accrued and unpaid interest thereon, and all other amounts payable under the Loan Agreement and the other Loan Documents shall be due and payable on the Maturity Date.

The fact that the balance of this Note may be reduced to zero from time to time pursuant to the terms of this Note and/or the Loan Agreement will not affect the continuing validity of this Note or the Loan Agreement or the first lien priority of the Security Instrument provided however any amount borrowed and repaid in respect of the Loan may not be re-borrowed.

Borrower promises to pay interest, on demand, on any overdue principal of the Loan made to it under the Loan Agreement and, to the extent permitted by law, overdue interest from the due date for the Loan at the rate or rates provided in the Loan Agreement.

Borrower hereby waives diligence, presentment, demand, protest and notice of any kind whatsoever. The non-exercise by the holder hereof of any of its rights hereunder in any particular instance shall not constitute a waiver thereof in that or any subsequent instance.

The Loan made by Lender shall be evidenced by one or more accounts or records maintained by Lender in the ordinary course of business. Lender may also attach schedules to this Note and endorse thereon the date, amount, and maturity of the Loan and payments with respect thereto. Any failure to so record or any error in doing so shall not, however, limit or otherwise affect the obligations of Borrower under this Note.

This Note is the promissory note referred to in the Loan Agreement, which agreement contains, among other things, provisions for (i) the acceleration of the maturity hereof upon the happening of certain events, (ii) optional and mandatory prepayment of the principal hereof prior to the maturity hereof and (iii) the amendment or waiver of certain provisions of the Loan Agreement, all upon the terms and conditions therein specified. This Note does not purport to summarize the Loan Agreement and reference is made to the Loan Agreement for information with respect to the interests, rights, benefits, obligations, proceeds, and duties evidenced hereby and the rights, duties and obligations of the parties thereto. This Note is subject in all respects to the terms, provisions and conditions of the Loan Agreement. In the case of any conflict between terms specified in this Note and terms specified in the Loan Agreement, the terms of the Loan Agreement shall govern.

This Note is secured by, among other things, the Security Instrument and is subject to the terms of the Loan Agreement and the other Loan Documents. Reference is hereby made to the Loan Agreement and the other Loan Documents for a description of the collateral thereby mortgaged, warranted, bargained, sold, released, conveyed, assigned, transferred, pledged and hypothecated, the nature and extent of the security for this Note, and the rights of the holder of this Note and Lender in respect of such security and otherwise.

Notwithstanding anything to the contrary contained herein, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed to constitute interest, the interest contracted for, charged or received by Lender shall never exceed the maximum rate permitted by applicable law, (b) in calculating whether any interest exceeds the maximum rate permitted by applicable law, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the maximum rate permitted by applicable law, any such excess shall be deemed to have been applied toward the payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

All notices to be given pursuant to this Note shall be in writing and shall be given in accordance with Section 10.1 of the Loan Agreement.

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK INCLUDING SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

ANY LEGAL SUIT, ACTION OF PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK. LENDER, BY ITS ACCEPTANCE HEREOF, AND BORROWER HEREBY (i) IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM, (ii) IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUCH SUIT, ACTION OR PROCEEDING, AND (iii) IRREVOCABLY CONSENT TO SERVICE OF PROCESS BY MAIL, PERSONAL SERVICE OR IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW, AT THE ADDRESS SPECIFIED

-2-

IN THE LOAN AGREEMENT (AND AGREES THAT SUCH SERVICE AT SUCH ADDRESS IS SUFFICIENT TO CONFER PERSONAL JURISDICTION OVER ITSELF IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY SUCH COURT, AND OTHERWISE CONSTITUTES EFFECTIVE AND BINDING SERVICE IN EVERY RESPECT).

Upon the transfer of this Note by Lender, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

BORROWER, AND BY ITS ACCEPTANCE OF THIS NOTE, LENDER, TO THE FULLEST EXTENT THAT THEY MAY LAWFULLY DO SO, HEREBY AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVE ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS NOTE, THE SECURITY INSTRUMENT OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY LENDER AND BORROWER AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.  LENDER AND BORROWER ARE EACH HEREBY INDIVIDUALLY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK – SIGNATURE PAGE TO FOLLOW]*

**IN WITNESS WHEREOF,** the undersigned has executed this Note as of the date first above written.

**"BORROWER"**

CASA FOR YOU, LLC,
a California limited liability company

By: _____
Name: SALVADOR E FERNANDEZ
Its: Managing Member

SIGNATURE PAGE TO NOTE

# EXHIBIT "2"




**This page is part of your document - DO NOT DISCARD**



# 20240627585

**Pages:
0026**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/16/24 AT 08:00AM**

| | |
|---|---|
| FEES: | 159.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 159.00 |

202409160300008

**00024795919**

014895907

**SEQ:
02**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**




112407697

E656375

RECORDING REQUESTED BY:
**CHICAGO TITLE COMPANY**

**ORDER NO., 112407697 JN**

**When Recorded Mail To:**

**COREVEST AMERICAN FINANCE
LENDER LLC
4 PARK PLAZA SUITE 900
IRVINE CA 92617**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Exempt from fee per GC 27388.1 (a) (2) and 27388.2 (b); recorded concurrently
"in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

TITLE OF DOCUMENT

## TRUST DEED, ASSIGNMENT OF LEASE AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

THIS **DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING** (this *"Deed of Trust"*) is made as of this September 09, 2024, by **CASA FOR YOU, LLC**, a(n) California limited liability company, as trustor, having an address at 5058 Bartlett Avenue, San Gabriel, California 91776 (the *"Trustor"*) to **CHICAGO TITLE COMPANY** as trustee, having an address of 500 North Brand Boulevard, Suite 200, Glendale, California 91203 (the "*Trustee*"), for the benefit of **COREVEST AMERICAN FINANCE LENDER LLC**, a Delaware limited liability company, as beneficiary, having an address at 4 Park Plaza, Suite 900, Irvine, CA 92614, CVNotices@redwoodtrust.com, Attn: Post Closing (together with its successors and/or assigns, the *"Beneficiary"*).

### W I T N E S S E T H :

A.      This Deed of Trust is given to secure a loan (the *"Loan"*) in the principal sum of ONE MILLION SEVEN HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED EIGHTY AND NO/100 DOLLARS ($1,718,580.00) or so much thereof as may be advanced pursuant to that certain Loan Agreement, dated as of the date hereof, by and between Trustor and Beneficiary (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the *"Loan Agreement"*), and evidenced by that certain Secured Promissory Note, dated as of the date hereof, made by Trustor to Beneficiary (such Note, together with all extensions, renewals, replacements, restatements or modifications thereof, being hereinafter referred to as the *"Note"*). Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Loan Agreement.

B.      Trustor desires to secure the payment of the outstanding principal amount of the Loan, together with all interest accrued and unpaid thereon and all other sums due to Beneficiary in respect of the Loan under the Note, the Loan Agreement and the other Loan Documents (the *"Debt"*) and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents.

C.      This Deed of Trust is given pursuant to the Loan Agreement, and payment, fulfillment and performance by Trustor of its obligations thereunder and under the other Loan Documents are secured hereby, and each and every term and provision of the Loan Agreement and the Note, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Deed of Trust.

NOW THEREFORE, in consideration of the making of the Loan by Beneficiary and the covenants, agreements, representations and warranties set forth in this Deed of Trust and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by Trustor:

### ARTICLE I.

### GRANTS OF SECURITY

Section 1.01    **Trust Property**. Trustor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey unto Trustee, in trust for the benefit of Beneficiary and its

successors and assigns, WITH POWER OF SALE, all right, title, interest and estate of Trustor now owned, or hereafter acquired by Trustor, in and to the following (collectively, the *"Property"*):

   (a) <u>Land</u>. The real property located in the County of Los Angeles, State of California, and more particularly described in **Exhibit A**, attached hereto and made a part hereof (collectively, the *"Land"*);

   (b) <u>Additional Land</u>. All additional lands, estates and development rights hereafter acquired by Trustor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or deed of trust or otherwise be expressly made subject to the lien of this Deed of Trust;

   (c) <u>Improvements</u>.  The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the *"Improvements"*);

   (d) <u>Easements</u>. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

   (e) <u>Equipment</u>. All "equipment," as such term is defined in <u>Article 9</u> of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Trustor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Trustor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the *"Equipment"*). Notwithstanding the foregoing, Equipment shall not include any property belonging to Tenants under Leases except to the extent that Trustor shall have any right or interest therein;

   (f) <u>Fixtures</u>. All Equipment now owned, or the ownership of which is hereafter acquired, by Trustor which is so related to the Land and Improvements forming part of the Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, lighting, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Trustor's interest therein) and all other utilities

whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the *"Fixtures"*). Notwithstanding the foregoing, "Fixtures" shall not include any property which Tenants are entitled to remove pursuant to Leases except to the extent that Trustor shall have any right or interest therein;

(g)    Personal Property. All furniture, furnishings, objects of art, machinery, goods, tools, equipment, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, soil tests and reports, feasibility studies, appraisals, engineering reports, environmental reports and similar materials relating to any portion of or all of the Real Property, and all modifications, supplements and amendments thereto, and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Uniform Commercial Code), other than Fixtures, which are now or hereafter owned by Trustor and which are located within or about the Land and the Improvements, and all stored materials to be used in connection with the construction or renovation of the Improvements wherever located, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the *"Personal Property"*), and the right, title and interest of Trustor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (as amended from time to time, the *"Uniform Commercial Code"*), superior in lien to the lien of this Deed of Trust, and all proceeds and products of any of the above;

(h)    Leases and Rents. (i) All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every modification, amendment, extension, renewal, replacement, or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into, whether before or after the filing by or against Trustor of any petition for relief under 11 U.S.C. §101 et seq., as the same may be amended from time to time (the *"Bankruptcy Code"*) (collectively, the *"Leases"*); (ii) all right, title and interest of Trustor, its successors and assigns, therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements, whether paid or accruing before or after the filing by or against Trustor of any petition for relief under the Bankruptcy Code (collectively, the *"Rents"*); (iii) all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment and performance of the Obligations, including the payment of the Debt; (iv) all of Trustor's right, title and interest in, and claims under, any and all lease guaranties, letters of credit and any other credit support (individually, a *"Lease Guaranty"*, and collectively, the *"Lease Guaranties"*) given by any guarantor in connection with any of the Leases or leasing commissions (individually, a *"Lease Guarantor"*, and collectively, the *"Lease Guarantors"*) to Trustor; (v) all rights, powers, privileges, options and other benefits of Trustor as the lessor under any of the Leases and the beneficiary under any of the Lease Guaranties, including, without limitation, the immediate and continuing right to make claims for, and to receive, collect and acknowledge receipt for all Rents payable or receivable under the Leases and all sums payable under the Lease Guaranties or pursuant thereto (and to apply the same to the payment of the Debt or the Other Obligations), and to do all other things which Trustor or any lessor is or may become entitled to do under any of the Leases or Lease Guaranties; (vi) the right, subject to the provisions of the Loan Agreement, at Beneficiary's option, upon revocation of the license granted herein, to enter upon the Property in person, by agent or by court-appointed receiver, to collect the

Rents; (vii) during the continuance of an Event of Default, Trustor's irrevocable power of attorney, coupled with an interest, to take any or all other actions designated by Beneficiary for the proper management and preservation of the Land and Improvements; and (viii) any and all other rights of Trustor in and to the items set forth in subsections (i) through (vii) above, and all amendments, modifications, replacements, renewals and substitutions thereof;

(i)  <u>Condemnation Awards</u>. All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

(j)  <u>Insurance Proceeds</u>. All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments or settlements made in lieu thereof, for damage to the Property;

(k)  <u>Tax Certiorari</u>. All refunds, rebates or credits in connection with any reduction in Taxes, Impositions, assessments, HOA Fees or other charges assessed or charged against the Property as a result of tax certiorari proceedings or any other applications or proceedings for reduction;

(l)  <u>Rights</u>. The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Beneficiary in the Property;

(m)  <u>Agreements</u>. All agreements, contracts, certificates, instruments, franchises, management agreements, permits, licenses, all architectural, design and engineering drawings, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, renovation, management, repair, or operation of the Land or any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Trustor therein and thereunder, including, without limitation, the right, upon the happening and during the continuance of any Event of Default, to receive and collect any sums payable to Trustor thereunder;

(n)  <u>Intellectual Property</u>. All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, URLs or other online media, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

(o)  <u>Accounts</u>. All reserves, escrows and deposit accounts maintained by Trustor with respect to the Property, together with all deposits or wire transfers made to such accounts, and all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time, and all proceeds, products, distributions, dividends and/or substitutions thereon and thereof;

(p)  <u>Uniform Commercial Code Property</u>. All documents, instruments, chattel paper and general intangibles, as the foregoing terms are defined in the Uniform Commercial Code, relating to the Property;

(q)  <u>Minerals</u>. All minerals, crops, timber, trees, shrubs, flowers and landscaping features now or hereafter located on, under or above Land;

(r)      _All Other Assets_. All other accounts, general intangibles, instruments, investment property, documents, chattel paper, goods, moneys, letters of credit, letter of credit rights, certificates of deposit, deposit accounts, escrow deposits commercial tort claims, oil, gas and minerals, and all other property and interests in property of Trustor, whether tangible or intangible, and including without limitation all of Trustor's claims and rights to the payment of damages arising under the Bankruptcy Code ("*Bankruptcy Claims*");

(s)      _Proceeds_. All proceeds of, and proceeds of any sale of, any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether in cash or in liquidation or other claims, or otherwise; and

(t)      _Other Rights_. Any and all other rights of Trustor in and to the items set forth in Subsections (a) through (s) above.

AND, without limiting any of the other provisions of this Deed of Trust, to the extent permitted by applicable law, Trustor expressly grants to Beneficiary, as secured party, a security interest in all of Trustor's right, title and interest in and to that portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land (the Land, the Improvements and the Fixtures collectively referred to as the *"Real Property"*) appropriated to the use thereof and, whether affixed or annexed to the Land or not, shall for the purposes of this Deed of Trust be deemed conclusively to be real estate and granted hereby.

**Section 1.02    Assignment of Rents.**

(a)      Trustor hereby absolutely and unconditionally assigns to Beneficiary all of Trustor's right, title and interest in and to all current and future Leases, Rents, Lease Guaranties and Bankruptcy Claims; it being intended by Trustor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to the terms of the Loan Agreement and this Deed of Trust, Beneficiary grants to Trustor, so long as no Event of Default has occurred and is continuing, a revocable license to (and Trustor shall have the right to) collect, receive, use and enjoy the Rents, as well as any sums due under the Lease Guaranties. Trustor shall hold the Rents, as well as all sums received pursuant to any Lease Guaranty, or a portion thereof sufficient to discharge all current sums due on the Debt, in trust for the benefit of Beneficiary for use in the payment of such sums. This assignment is effective without any further or supplemental assignment documents.

(b)      Following the occurrence and during the continuance of an Event of Default, or during such other times as may be provided for in the Loan Agreement, Trustor hereby authorizes and directs the lessees named in the Leases, any other future lessees or occupants of the Real Property and all Lease Guarantors to pay over to Beneficiary or to such other party as Beneficiary directs all Rents and all sums due under any Lease Guaranties, upon such lessee's receipt from Beneficiary of written notice to the effect that Beneficiary is then the holder of this assignment. No lessee or Lease Guarantor will be obligated to inquire further as to the occurrence or continuance of an Event of Default. No lessee or Lease Guarantor will be obligated to pay to Trustor any amounts which are actually paid to Beneficiary in response to such a notice. Trustor will not interfere with and will cooperate with Beneficiary's collection of such Rents. Such Rents shall be disbursed and/or applied in accordance with the terms of the Loan Documents. In furtherance of the foregoing, Trustor hereby grants to Beneficiary an irrevocable power of attorney, coupled with an interest, to execute and deliver, on behalf of Trustor, to tenants under current and future Leases and counterparties to Lease Guaranties, direction letters to deliver all Rents and all sums due under any Lease Guaranties directly to Beneficiary or to such other party as Beneficiary directs. Any exercise of the

foregoing power of attorney shall constitute an immediate revocation of the revocable license given pursuant to Section 1.02(a).

Section 1.03    **Security Agreement**. This Deed of Trust is both a real property mortgage and a "security agreement" within the meaning of the Uniform Commercial Code. The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Property. By executing and delivering this Deed of Trust, Trustor hereby grants to Beneficiary, as security for the Obligations, a security interest in the Fixtures, the Equipment, the Personal Property and the other property constituting the Property to the full extent that the Fixtures, the Equipment, the Personal Property and such other property may be subject to the Uniform Commercial Code (said portion of the Property so subject to the Uniform Commercial Code being called the *"Collateral"*). If an Event of Default shall occur and be continuing, Beneficiary, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Beneficiary may deem necessary for the care, protection and preservation of the Collateral. Upon request or demand of Beneficiary after the occurrence and during the continuance of an Event of Default, Trustor shall, at its expense, assemble the Collateral and make it available to Beneficiary at a convenient place (at the Land if tangible property) reasonably acceptable to Beneficiary. Trustor shall pay to Beneficiary on demand any and all expenses, including reasonable attorneys' fees and costs, incurred or paid by Beneficiary in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default. Any notice of sale, disposition or other intended action by Beneficiary with respect to the Collateral sent to Trustor in accordance with the provisions hereof at least ten (10) days prior to such action, shall, except as otherwise provided by applicable law or the Loan Agreement, constitute reasonable notice to Trustor. The proceeds of any disposition of the Collateral, or any part thereof, may, except as otherwise required by applicable law, be applied by Beneficiary to the payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper. The principal place of business of Trustor (Debtor) is as set forth in the preamble of this Deed of Trust and the address of Beneficiary (Secured Party) is as set forth in the preamble of this Deed of Trust.

Section 1.04    **Fixture Filing**. Certain of the Property is or will become "fixtures" (as that term is defined in the Uniform Commercial Code) on the Land, described or referred to in this Deed of Trust, and this Deed of Trust, upon being filed for record in the real estate records of the city or county wherein such fixtures are situated, shall operate also as a financing statement naming Trustor as the Debtor and Beneficiary as the Secured Party filed as a fixture filing in accordance with the applicable provisions of said Uniform Commercial Code upon such of the Property that is or may become fixtures. This Deed of Trust constitutes a fixture filing in accordance with Section 9502 of the California Uniform Commercial Code, as the same may be amended or recodified from time to time. For this purpose, the respective addresses of Trustor, as debtor, and Beneficiary, as secured party, are as set forth in the preamble of this Deed of Trust. Trustor is the record owner of the Property.

## CONDITIONS TO GRANT

TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Beneficiary and its successors and assigns, forever;

PROVIDED, HOWEVER, these presents are upon the express condition that, if Trustor shall well and truly pay and perform the Obligations (including the payment of the Debt) at the time and in the manner provided in this Deed of Trust, the Note, the Loan Agreement and the other Loan Documents, and shall well and truly abide by and comply with each and every covenant and condition set forth herein and in the

Note, the Loan Agreement and the other Loan Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that, subject to Section 9.06, Trustor's obligation to indemnify and hold harmless Beneficiary pursuant to the provisions hereof shall survive any such payment or release.

# ARTICLE II.

## DEBT AND OBLIGATIONS SECURED

**Section 2.01    Obligations**.  This Deed of Trust and the grants, assignments and transfers made in Article I are given for the purpose of securing the Obligations, including, but not limited to, the Debt.

**Section 2.02    Other Obligations**.  This Deed of Trust and the grants, assignments and transfers made in Article I are also given for the purpose of securing the following (collectively, the *"Other Obligations"*):

(a)    the performance of all other obligations of Trustor contained herein;

(b)    the performance of each obligation of Trustor contained in the Loan Agreement and in each other Loan Document; and

(c)    the performance of each obligation of Trustor contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Note, the Loan Agreement or any other Loan Document.

**Section 2.03    Debt and Other Obligations**.  Trustor's obligations for the payment of the Debt and the performance of the Other Obligations shall be referred to collectively herein as the *"Obligations."*

**Section 2.04    Variable Interest Rate.**  The Loan secured by this Deed of Trust may be a variable interest rate loan, if so provided in the Loan Agreement.

**Section 2.05    Loan Repayment.**  Provided no Event of Default exists, this Deed of Trust shall be terminated, released and reconveyed of record by Beneficiary (and the Trustee, to the extent required by law to effect a full and proper termination, release and reconveyance) in accordance with the terms and provisions set forth in the Loan Agreement.

**Section 2.06    Other Mortgages; No Election of Remedies**.

(a)    The Debt is now or may hereafter be secured by one or more other mortgages, deeds to secure debt, deeds of trust and other security agreements (collectively, as the same may be amended, restated, replaced, supplemented, extended, renewed or otherwise modified and in effect from time to time, are herein collectively called the *"Other Mortgages"*), which cover or will hereafter cover other properties that are or may be located in various states and in other counties in the State of California (collectively, the *"Other Collateral"*).  The Other Mortgages will secure the Debt and the performance of the other covenants and agreements of Trustor set forth in the Loan Documents.  Upon the occurrence and during the continuance of an Event of Default, Beneficiary may proceed under this Deed of Trust and/or any or all the Other Mortgages against either the Property and/or any or all the Other Collateral in one or more parcels and in such manner and order as Beneficiary shall elect.  Trustor hereby irrevocably waives and releases, to the extent permitted by law, and whether now or hereafter in force, any right to have the Property and/or the Other Collateral marshaled upon any foreclosure of this Deed of Trust or any Other Mortgage.

(b)      Without limiting the generality of the foregoing, and without limitation as to any other right or remedy provided to Beneficiary in this Deed of Trust or the other Loan Documents, in the case and during the continuance of an Event of Default (i) Beneficiary shall have the right to pursue all of its rights and remedies under this Deed of Trust and the Loan Documents, at law and/or in equity, in one proceeding, or separately and independently in separate proceedings from time to time, as Beneficiary, in its sole and absolute discretion, shall determine from time to time, (ii) Beneficiary shall not be required to either marshal assets, sell the Property and/or any Other Collateral in any particular order of alienation (and may sell the same simultaneously and together or separately), or be subject to any "one action" or "election of remedies" or "anti-deficiency" law or rule with respect to the Property and/or any Other Collateral, (iii) the exercise by Beneficiary of any remedies against any one item of Property and/or any Other Collateral will not impede Beneficiary from subsequently or simultaneously exercising remedies against any other item of Property and/or Other Collateral, (iv) all liens and other rights, remedies or privileges provided to Beneficiary herein shall remain in full force and effect until Beneficiary has exhausted all of its remedies against the Property and all Property has been foreclosed, sold and/or otherwise realized upon in satisfaction of the Debt, and (v) Beneficiary may resort for the payment of the Debt to any security held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect and Beneficiary may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Beneficiary thereafter to foreclose this Deed of Trust.

(c)      Without notice to or consent of Trustor and without impairment of the lien and rights created by this Deed of Trust, Beneficiary may, at any time (in its sole and absolute discretion, but Beneficiary shall have no obligation to), execute and deliver to Trustor a written instrument releasing all or a portion of the lien of this Deed of Trust as security for any or all of the Obligations now existing or hereafter arising under or in respect of the Note, the Loan Agreement and each of the other Loan Documents, whereupon following the execution and delivery by Beneficiary to Trustor of any such written instrument of release, this Deed of Trust shall no longer secure such Obligations released.

**Section 2.07    Future Advances**.  This Deed of Trust is given to secure not only existing indebtedness, but also all future advances, including without limitation, Advances made from time to time pursuant to the Loan Agreement, whether such advances are obligatory or are to be made at the option of the Lender, or otherwise, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust.

## ARTICLE III.

### TRUSTOR COVENANTS

Trustor covenants and agrees that throughout the term of the Loan:

**Section 3.01    Payment of Debt**.  Trustor will pay the Debt at the time and in the manner provided in the Loan Agreement, the Note and this Deed of Trust.

**Section 3.02    Incorporation by Reference**.  All the covenants, conditions and agreements contained in (a) the Loan Agreement, (b) the Note, and (c) all and any of the other Loan Documents, are hereby made a part of this Deed of Trust to the same extent and with the same force as if fully set forth herein.  In the event of any inconsistency between any of the terms of Deed of Trust (including the terms of Section 1.03 herein) and the Loan Agreement, the terms of the Loan Agreement shall control.  Without limiting the generality of the foregoing, Trustor (i) agrees to insure, repair, maintain and restore damage to the Property, pay Taxes assessments and other charges assessed against the Property, and comply with Legal Requirements, in accordance with the Loan Agreement, and (ii) agrees that the proceeds of insurance and condemnation awards shall be settled, held, applied and/or disbursed in accordance with the Loan

Agreement. Trustor acknowledges that Beneficiary has disclosed to Trustor that, under applicable Legal Requirements, no lender may require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property. The foregoing disclosure is being made by Beneficiary to Trustor pursuant to Section 2955.5(b) of the California Civil Code. Trustor hereby acknowledges receipt of such disclosure and acknowledges that such disclosure has been made by Beneficiary before execution of the Note or any security document.

Section 3.03  **Performance of Other Agreements**. Trustor shall observe and perform each and every term, covenant and provision to be observed or performed by Trustor pursuant to the Loan Agreement, any other Loan Document and any other agreement or recorded instrument affecting or pertaining to the Property, and any amendments, modifications or changes thereto.

# ARTICLE IV.

## OBLIGATIONS AND RELIANCES

Section 4.01  **Relationship of Trustor and Beneficiary**. The relationship between Trustor and Beneficiary is solely that of debtor and creditor, and Beneficiary has no fiduciary or other special relationship with Trustor, and no term or condition of any of the Loan Agreement, the Note, this Deed of Trust or the other Loan Documents shall be construed so as to deem the relationship between Trustor and Beneficiary to be other than that of debtor and creditor.

Section 4.02  **No Reliance on Beneficiary**. The general partners, members, principals and (if Trustor is a trust) beneficial owners of Trustor, as applicable, are experienced in the ownership and operation of properties similar to the Property, and Trustor and Beneficiary are relying solely upon such expertise and business plan in connection with the ownership and operation of the Property. Trustor is not relying on Beneficiary's expertise, business acumen or advice in connection with the Property.

Section 4.03  **No Beneficiary Obligations**.

(a)  Notwithstanding the provisions of Subsections 1.01(h) and (m) or Section 1.02, Beneficiary is not undertaking the performance of (i) any obligations under the Leases, or (ii) any obligations with respect to any other agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses or other documents.

(b)  By accepting or approving anything required to be observed, performed or fulfilled or to be given to Beneficiary pursuant to this Deed of Trust, the Loan Agreement, the Note or the other Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal or insurance policy, Beneficiary shall not be deemed to have warranted, consented to, or affirmed the sufficiency, legality or effectiveness of same, and such acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Beneficiary.

Section 4.04  **Reliance**. Trustor recognizes and acknowledges that in accepting the Loan Agreement, the Note, this Deed of Trust and the other Loan Documents, Beneficiary is expressly and primarily relying on the truth and accuracy of the warranties and representations set forth in the Loan Agreement without any obligation to investigate the Property and notwithstanding any investigation of the Property by Beneficiary; that such reliance existed on the part of Beneficiary prior to the date hereof; that the warranties and representations are a material inducement to Beneficiary in making the Loan; and that

Beneficiary would not be willing to make the Loan and accept this Deed of Trust in the absence of the warranties and representations as set forth in the Loan Agreement.

## ARTICLE V.

## FURTHER ASSURANCES

**Section 5.01    Recording of Deed of Trust, Etc..**    Trustor forthwith upon the execution and delivery of this Deed of Trust and thereafter, from time to time, will cause this Deed of Trust and any of the other Loan Documents creating a Lien or security interest or evidencing the Lien hereof upon the Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the Lien or security interest hereof upon, and the interest of Beneficiary in, the Property. Trustor will pay all taxes, filing, registration or recording fees, and all expenses incident to the preparation, execution, acknowledgment and/or recording of the Note, this Deed of Trust, the other Loan Documents, any note, deed of trust, deed to secure debt or mortgage supplemental hereto, any security instrument with respect to the Property and any instrument of further assurance, and any modification or amendment of any of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of this Deed of Trust, any deed of trust, deed to secure debt or mortgage supplemental hereto, any security instrument with respect to the Property or any instrument of further assurance, and any modification or amendment of any of the foregoing documents, except where prohibited by law so to do.

**Section 5.02    Further Acts, Etc.**    Trustor will, at the cost of Trustor, and without expense to Beneficiary, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, deeds to secure debt, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall, from time to time, reasonably require, for the better assuring, conveying, assigning, transferring, and confirming unto Beneficiary the Property and rights hereby mortgaged, deeded, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Trustor may be or may hereafter become bound to convey or assign to Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust, or for complying with all Legal Requirements. Trustor, on demand, will execute and deliver, and in the event it shall fail to so execute and deliver, hereby authorizes Beneficiary to execute in the name of Trustor or without the signature of Trustor to the extent Beneficiary may lawfully do so, one or more financing statements to evidence more effectively the security interest of Beneficiary in the Property and the Collateral. Financing statements to be filed with the Secretary of State of the State in which the Trustor is organized may describe as the collateral covered thereby "all assets of the debtor, whether now owned or hereafter acquired" or words to that effect, notwithstanding that such collateral description may be broader in scope than the collateral described herein. Beneficiary shall provide Trustor with copies of any notices and/or instruments of filings executed by Beneficiary in accordance with the immediately preceding sentence. Trustor grants to Beneficiary an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Beneficiary at law and in equity, including, without limitation, such rights and remedies available to Beneficiary pursuant to this Section 5.02. Notwithstanding anything to the contrary in the immediately preceding sentence, Beneficiary shall not execute any documents as attorney in fact for Trustor unless (i) Trustor shall have failed or refused to execute the same within five (5) days after delivery of Beneficiary's request to Trustor or (ii) an Event of Default is continuing.

**Section 5.03    Changes in Tax, Debt, Credit and Documentary Stamp Laws.**

(a)     If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the Debt from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Debt or Beneficiary's interest in the Property, Trustor will pay the tax, with interest and penalties thereon, if any (it being understood that nothing hereunder shall require Trustor to pay any income or franchise tax imposed on Beneficiary by reason of Beneficiary's interest in the Property). If Beneficiary is advised by counsel chosen by it that the payment of tax by Trustor would be unlawful or taxable to Beneficiary or unenforceable or provide the basis for a defense of usury, then Beneficiary shall have the option, by written notice to Trustor, to declare the Debt due and payable no earlier than one hundred twenty (120) days following such notice.

(b)     Trustor will not claim or demand or be entitled to any credit or credits on account of the Debt for any part of the Taxes, assessments or other charges assessed against the Property, or any part thereof, and no deduction shall otherwise be made or claimed from the assessed value of the Property, or any part thereof, for real estate tax purposes by reason of this Deed of Trust or the Debt, if such claim, credit or deduction directly and proximately results in the imposition of a new or increased material Tax on Beneficiary by reason of Beneficiary's interest in the Debt, unless Trustor agrees to pay such Tax or otherwise reimburse Beneficiary. If such claim, credit or deduction shall be required by law and (i) Trustor chooses not to pay or otherwise reimburse Beneficiary for any such Tax imposed on Beneficiary or (ii) Beneficiary is advised by counsel chosen by it that the payment by Trustor of any such Tax imposed on Beneficiary would be unlawful or taxable to Beneficiary or unenforceable or provide the basis for a defense of usury, Beneficiary shall have the option, by written notice to Trustor, to declare the Debt due and payable no earlier than one hundred twenty (120) days following such notice.

(c)     If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, this Deed of Trust, or any of the other Loan Documents or shall impose any other tax or charge on the same, Trustor will pay for the same, with interest and penalties thereon, if any.

## ARTICLE VI.

### DUE ON SALE/ENCUMBRANCE

**Section 6.01     Beneficiary Reliance**. Trustor acknowledges that Beneficiary has examined and relied on the experience of Trustor and its general partners, members, principals and (if Trustor is a trust) beneficial owners in owning and operating properties such as the Property in agreeing to make the Loan, and will continue to rely on Trustor's ownership of the Property as a means of maintaining the value of the Property as security for the payment and performance of the Obligations, including the repayment of the Debt. Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Property so as to ensure that, should Trustor default in the payment and/or performance of the Obligations, including the repayment of the Debt, Beneficiary can recover the Debt by a sale or foreclosure of the Property or other sale permitted by applicable law as to the Personal Property, Equipment or Fixtures.

**Section 6.02     No Transfer**. Trustor shall not permit or suffer any Transfer to occur except in accordance with the terms of the Loan Agreement.

## ARTICLE VII.

### RIGHTS AND REMEDIES UPON DEFAULT

**Section 7.01     Remedies**. Upon the occurrence and during the continuance of any Event of Default, Trustor agrees that Beneficiary may take such action, without notice or demand, as it deems

advisable to protect and enforce its rights against Trustor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Beneficiary:

(a)    declare the entire unpaid Debt to be immediately due and payable;

(b)    give such notice of default and of election to cause the Property to be sold as may be required by law or as may be necessary to cause Trustee to exercise the power of sale granted herein; Trustee shall then record and give such notice of Trustee's sale as then required by law and, after the expiration of such time as may be required by law, may sell the Property at the time and place specified in the notice of sale, as a whole or in separate parcels as directed by Beneficiary, or by Trustor to the extent required by law, at public auction to the highest bidder for cash in lawful money of the United States of America, payable at time of sale, all in accordance with applicable law. Trustee, from time to time, may postpone or continue the sale of all or any portion of the Property by public declaration at the time and place last appointed for the sale and no other notice of the postponed sale shall be required unless provided by applicable law. Upon any sale, Trustee shall deliver its deed conveying the property sold, without any covenant or warranty, expressed or implied, to the purchaser or purchasers at the sale. The recitals in such deed of any matters or facts shall be conclusive as to the accuracy thereof;

(c)    institute proceedings, judicial or otherwise, for the complete or partial foreclosure of this Deed of Trust under any applicable provision of law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner, Beneficiary being hereby expressly granted the power to foreclose this Deed of Trust and sell the Property at public auction and convey the same to the purchaser in fee simple;

(d)    with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Deed of Trust for the portion of the Debt then due and payable, subject to the continuing lien and security interest of this Deed of Trust for the balance of the Obligations not then due, unimpaired and without loss of priority;

(e)    Intentionally omitted;

(f)    sell for cash or upon credit the Property or any part thereof and all estate, claim, demand, right, title and interest of Trustor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof, all as may be required or permitted by law; and, without limiting the foregoing:

(i)    In connection with any sale or sales hereunder, Beneficiary shall be entitled to elect to treat any of the Property which consists of (x) a right in action, or (y) property that can be severed from the Real Property covered hereby, or (z) any Improvements (without causing structural damage thereto), as if the same were personal property, and dispose of the same in accordance with applicable law, separate and apart from the sale of the Real Property. Where the Property consists of Real Property, Personal Property, Equipment or Fixtures, whether or not such Personal Property or Equipment is located on or within the Real Property, Beneficiary shall be entitled to elect to exercise its rights and remedies against any or all of the Real Property, Personal Property, Equipment and Fixtures in such order and manner as is now or hereafter permitted by applicable law;

(ii)    Beneficiary shall be entitled to elect to proceed against any or all of the Real Property, Personal Property, Equipment and Fixtures in any manner permitted under applicable law; and if Beneficiary so elects pursuant to applicable law, the power of sale herein granted shall be exercisable

-12-

with respect to all or any of the Real Property, Personal Property, Equipment and Fixtures covered hereby, as designated by Beneficiary and Beneficiary is hereby authorized and empowered to conduct any such sale of any Real Property, Personal Property, Equipment and Fixtures in accordance with the procedures applicable to real property;

          (iii)     Should Beneficiary elect to sell any portion of the Property which is Real Property or which is Personal Property, Equipment or Fixtures that the Beneficiary has elected under applicable law to sell together with Real Property in accordance with the laws governing a sale of the Real Property, Beneficiary shall give notice of the occurrence of an Event of Default, if any, and its election to sell such Property, each as may then be required by law. Thereafter, upon the expiration of such time and the giving of such notice of sale as may then be required by law, subject to the terms hereof and of the other Loan Documents, and without the necessity of any demand on Trustor, Beneficiary at the time and place specified in the notice of sale, shall sell such Real Property or part thereof at public auction to the highest bidder for cash in lawful money of the United States of America. Beneficiary may from time to time postpone any sale hereunder by public announcement thereof at the time and place noticed for any such sale; and

          (iv)     If the Property consists of several lots, parcels or items of property, Beneficiary shall, subject to applicable law, (A) designate the order in which such lots, parcels or items shall be offered for sale or sold, or (B) elect to sell such lots, parcels or items through a single sale, or through two or more successive sales, or in any other manner Beneficiary designates. Any Person, including Trustor or Beneficiary, may purchase at any sale hereunder. Should Beneficiary desire that more than one sale or other disposition of the Property be conducted, Beneficiary shall, subject to applicable law, cause such sales or dispositions to be conducted simultaneously, or successively, on the same day, or at such different days or times and in such order as Beneficiary may designate, and no such sale shall terminate or otherwise affect the Lien of this Deed of Trust on any part of the Property not sold until all the Obligations have been satisfied in full. In the event Beneficiary elects to dispose of the Property through more than one sale, except as otherwise provided by applicable law, Trustor agrees to pay the costs and expenses of each such sale and of any judicial proceedings wherein such sale may be made;

          (g)     institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, in the Loan Agreement or in the other Loan Documents;

          (h)     recover judgment on the Note either before, during or after any proceedings for the enforcement of this Deed of Trust or the other Loan Documents;

          (i)     apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Trustor, any guarantor or indemnitor with respect to the Loan or any Person otherwise liable for the payment of the Debt or any part thereof, (with Beneficiary's rights hereunder being acknowledged to include, without limitation, rights under California Code of Civil Procedure Section 564, as such provision may be amended from time to time) and Trustor hereby irrevocably consents to such appointment;

          (j)     the license granted to Trustor under <u>Section 1.02</u> hereof shall automatically be revoked and Beneficiary may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Trustor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Trustor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Trustor agrees to surrender possession of the Property and of such books, records and accounts to Beneficiary upon demand, and thereupon Beneficiary may do

such acts and things as Beneficiary deems necessary or desirable to protect the security hereof, including without limitation, (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business thereat on such terms and for such period of time as Beneficiary may deem proper; (ii) complete any construction on the Property in such manner and form as Beneficiary deems advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property; (iv) exercise all rights and powers of Trustor with respect to the Property, whether in the name of Trustor or otherwise, including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants and demand, sue for or otherwise collect and receive all Rents and all sums due under all Lease Guaranties, including, without limitation, those past due and unpaid); (v) require Trustor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property as may be occupied by Trustor; (vi) require Trustor to vacate and surrender possession of the Property to Beneficiary or to such receiver and, in default thereof, Trustor may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property to the payment and performance of the Obligations (including, without limitation, the payment of the Debt), in such order, priority and proportions as Beneficiary shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees and costs) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, assessments or other charges assessed against the Property, insurance premiums, other expenses and capital expenditures incurred in connection with the Property, as well as just and reasonable compensation for the services of Beneficiary, its counsel, agents and employees;

(k)    exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing: (i) the right to take possession of the Fixtures, the Equipment and/or the Personal Property, or any part thereof, and to take such other measures as Beneficiary may deem necessary for the care, protection and preservation of the Fixtures, the Equipment and the Personal Property, and (ii) request Trustor, at its sole cost and expense, to assemble the Fixtures, the Equipment and/or the Personal Property and make it available to Beneficiary at a convenient place acceptable to Beneficiary. Any notice of sale, disposition or other intended action by Beneficiary with respect to the Fixtures, the Equipment and/or the Personal Property sent to Trustor in accordance with the provisions hereof at least ten (10) days prior to such action, shall constitute commercially reasonable notice to Trustor;

(l)    pursue such other remedies as may be available to Beneficiary at law or in equity; and/or

(m)    apply the undisbursed balance of any escrow or other deposits held by or on behalf of Beneficiary with respect to the Property, to the payment of the Debt in such order, priority and proportions as Beneficiary shall deem to be appropriate in its sole discretion.

In the event of a sale, by foreclosure, power of sale or otherwise, of less than all of the Property, this Deed of Trust shall continue as a Lien and security interest on the remaining portion of the Property unimpaired and without loss of priority.

The exercise by Beneficiary of its rights under this Section 7.01 and the collection of the Rents and the sums due under the Lease Guaranties and the application thereof as provided in the Loan Documents shall not be considered a waiver of any Default or Event of Default under the Note, the Loan Agreement, this Deed of Trust or the other Loan Documents.

Section 7.02    Application of Proceeds.    The purchase money proceeds and avails of any disposition of the Property or any part thereof, or any other sums collected by Beneficiary pursuant to the Note, this Deed of Trust or the other Loan Documents, may be applied by Beneficiary to the payment of

the Obligations in such priority and proportions as Beneficiary in its discretion shall deem proper, to the extent consistent with law.

**Section 7.03    Right to Cure Defaults.**    During the continuance of any Event of Default, Beneficiary may, but without any obligation to do so and without notice to or demand on Trustor and without releasing Trustor from any obligation hereunder, perform the obligations in Default in such manner and to such extent as Beneficiary may deem necessary to protect the security hereof.    Beneficiary is authorized to enter upon the Property for such purposes or appear in, defend or bring any action or proceeding to protect its interest in the Property or to foreclose this Deed of Trust or collect the Debt and to make any protective advances that Beneficiary may deem necessary to protect the security hereof, and the cost and expense of any of the foregoing (including reasonable attorneys' fees and disbursements to the extent permitted by law), with interest thereon at the Default Rate for the period after notice from Beneficiary that such cost or expense was incurred to the date of payment to Beneficiary, shall constitute a portion of the Debt, shall be secured by this Deed of Trust and the other Loan Documents and shall be due and payable to Beneficiary upon demand.

**Section 7.04    Other Rights, Etc.**

(a)    The failure of Beneficiary to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Deed of Trust.  Trustor shall not be relieved of Trustor's obligations hereunder by reason of (i) the failure of Beneficiary to comply with any request of Trustor or any guarantor or indemnitor with respect to the Loan to take any action to foreclose this Deed of Trust or otherwise enforce any of the provisions hereof or of the Note or the other Loan Documents, (ii) the release, regardless of consideration, of the whole or any part of the Property, or of any Person liable for the Obligations or any portion thereof, or (iii) any agreement or stipulation by Beneficiary extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Deed of Trust or the other Loan Documents.

(b)    It is agreed that the risk of loss or damage to the Property is on Trustor, and Beneficiary shall have no liability whatsoever for any decline in value of the Property, for failure to maintain the Policies, or for failure to determine whether insurance in force is adequate as to the amount of risks insured. Possession by Beneficiary shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Property or collateral not in Beneficiary's possession.

(c)    Beneficiary may resort for the payment and performance of the Obligations (including, but not limited to, the payment of the Debt) to any other security held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect.  Beneficiary may take action to recover the Debt, or any portion thereof, or to enforce the Other Obligations or any covenant hereof, without prejudice to the right of Beneficiary thereafter to enforce any remedy hereunder or under applicable law against Trustor, including the right to foreclose this Deed of Trust.  The rights of Beneficiary under this Deed of Trust shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision.  Beneficiary shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

**Section 7.05    Right to Release Any Portion of the Property**.    Beneficiary may release any portion of the Property for such consideration as Beneficiary may require without, as to the remainder of the Property, in any way impairing or affecting the Lien or priority of this Deed of Trust, or improving the position of any subordinate lienholder with respect thereto, except to the extent that the Debt shall have been reduced by the actual monetary consideration, if any, received by Beneficiary for such release, and Beneficiary may accept by assignment, pledge or otherwise any other property in place thereof as

Beneficiary may require without being accountable for so doing to any other lienholder. This Deed of Trust shall continue as a Lien and security interest in the remaining portion of the Property.

**Section 7.06    Right of Entry.** Subject to the rights of Tenants and upon reasonable prior notice to Trustor, Beneficiary and its agents shall have the right to enter and inspect the Property at all reasonable times. Beneficiary's rights hereunder include, without limitation, its rights under California Civil Code Section 2929.5, as such provision may be amended from time to time.

## ARTICLE VIII.

## INDEMNIFICATION

**Section 8.01    Mortgage and/or Intangible Tax.** Trustor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless Beneficiary and any Person claiming by or through Beneficiary (collectively with Beneficiary, the "*Indemnified Parties*" and each, an "*Indemnified Party*") from and against any and all losses, damages, costs, fees, expenses claims, suits, judgments, awards, liabilities, obligations, debts, fines, penalties or charges imposed upon or incurred by or asserted against any Indemnified Party and directly or indirectly arising out of or in any way relating to any mortgage, recording, stamp, intangible or other similar taxes required to be paid by any Indemnified Party under applicable Legal Requirements in connection with the execution, delivery, recordation, filing, registration, perfection or enforcement of this Deed of Trust or any of the other Loan Documents (but excluding any income, franchise or other similar taxes).

**Section 8.02    No Liability to Beneficiary.** This Deed of Trust shall not be construed to bind Beneficiary to the performance of any of the covenants, conditions or provisions contained in any Lease or Lease Guaranty or otherwise impose any obligation upon Beneficiary with respect to the Leases. Beneficiary shall not be liable for any loss sustained by Trustor resulting from Beneficiary's failure to let the Property after an Event of Default or from any other act or omission of Beneficiary in managing the Property after an Event of Default unless such loss is caused by the willful misconduct, bad faith or gross negligence of Beneficiary. Beneficiary shall not be obligated to perform or discharge any obligation, duty or liability under the Leases or any Lease Guaranties or under or by reason of this Deed of Trust and Trustor shall indemnify Beneficiary for, and hold Beneficiary harmless from and against, (a) any and all liability, loss or damage which may or might be incurred under the Leases, any Lease Guaranties or under or by reason of this Deed of Trust, and (b) any and all claims and demands whatsoever, including the defense of any such claims or demands which may be asserted against Beneficiary by reason of any alleged obligations and undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Leases or any Lease Guaranties, unless caused by the willful misconduct or bad faith of Beneficiary. Should Beneficiary incur any such liability, the amount thereof, including costs, expenses and reasonable attorneys' fees and costs, shall be secured by this Deed of Trust and by the other Loan Documents and Trustor shall reimburse Beneficiary therefor within seven (7) Business Days after demand therefor, and upon the failure of Trustor so to do Beneficiary may, at its option, declare the Obligations to be immediately due and payable. This Deed of Trust shall not operate to place any obligation or liability for the control, care, management or repair of the Property upon Beneficiary, nor for the carrying out of any of the terms and conditions of the Leases or any Lease Guaranties; nor shall it operate to make Beneficiary responsible or liable for any waste committed on the Property by the tenants or any other parties, or for any dangerous or defective condition of the Property, including, without limitation, the presence of any Hazardous Substances (as defined in the Environmental Indemnity), or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any tenant, licensee, employee or stranger.

**Section 8.03    Duty to Defend; Attorneys' Fees and Other Fees and Expenses.**  In connection with any indemnification obligations of Trustor hereunder, upon written request by any Indemnified Party, Trustor shall defend such Indemnified Party (if requested by any Indemnified Party, in the name of the Indemnified Party) by attorneys and other professionals reasonably approved by the Indemnified Parties. Notwithstanding the foregoing, if the defendants in any such claim or proceeding include both Trustor and any Indemnified Party and Trustor and such Indemnified Party shall have reasonably concluded that there are any legal defenses available to it and/or other Indemnified Parties that are different from or in addition to those available to Trustor, such Indemnified Party shall have the right to select separate counsel to assert such legal defenses and to otherwise participate in the defense of such action on behalf of such Indemnified Party. Upon demand, Trustor shall pay or, in the sole and absolute discretion of any Indemnified Party, reimburse, such Indemnified Party for the payment of the reasonable fees and disbursements of attorneys, engineers, environmental consultants, laboratories and other professionals in connection therewith.

## ARTICLE IX.

## WAIVERS

**Section 9.01    Waiver of Counterclaim.**  To the extent permitted by applicable law, Trustor hereby waives the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Beneficiary arising out of or in any way connected with this Deed of Trust, the Loan Agreement, the Note, any of the other Loan Documents or the Obligations.

**Section 9.02    Marshaling and Other Matters.**  To the extent permitted by applicable law, Trustor hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein. Further, to the extent permitted by applicable law, Trustor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust on behalf of Trustor, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Deed of Trust.

**Section 9.03    Waiver of Notice.**  To the extent permitted by applicable law, Trustor shall not be entitled to any notices of any nature whatsoever from Beneficiary, except with respect to matters for which this Deed of Trust or any of the other the Loan Documents specifically and expressly provide for the giving of notice by Beneficiary to Trustor, and except with respect to matters for which Beneficiary is required by applicable law to give notice, and Trustor hereby expressly waives the right to receive any notice from Beneficiary with respect to any matter for which this Deed of Trust or any of the other Loan Documents does not specifically and expressly provide for the giving of notice by Beneficiary to Trustor.

**Section 9.04    Waiver of Statute of Limitations.**  To the extent permitted by applicable law, Trustor hereby expressly waives and releases its right to plead any statute of limitations as a defense to the payment and performance of the Obligations (including, without limitation, the payment of the Debt).

**Section 9.05    Waiver of Jury Trial.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, TRUSTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND FOREVER WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST, WITH REGARD TO THE NOTE, THIS DEED OF TRUST OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY TRUSTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A**

**TRIAL BY JURY WOULD OTHERWISE ACCRUE.    BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY TRUSTOR.**

**Section 9.06    Survival**.  Except as otherwise set forth in the other Loan Documents, the indemnifications made pursuant to Article VIII herein and the representations and warranties, covenants, and other obligations arising under the Loan Documents, shall continue indefinitely in full force and effect and shall survive and shall in no way be impaired by (a) any satisfaction, release or other termination of this Deed of Trust or any other Loan Document, (b) any assignment or other transfer of all or any portion of this Deed of Trust or any other Loan Document or Beneficiary's interest in the Property (but, in such case, such indemnifications shall benefit both the Indemnified Parties and any such assignee or transferee), (c) any exercise of Beneficiary's rights and remedies pursuant hereto, including, but not limited to, foreclosure or acceptance of a deed in lieu of foreclosure, any exercise of any rights and remedies pursuant to the Loan Agreement, the Note or any of the other Loan Documents, any transfer of all or any portion of the Property (whether by Trustor or by Beneficiary following foreclosure or acceptance of a deed in lieu of foreclosure or at any other time), (d) any amendment to this Deed of Trust, the Loan Agreement, the Note or any other Loan Document, and/or (e) any act or omission that might otherwise be construed as a release or discharge of Trustor from the Obligations or any portion thereof. Notwithstanding the foregoing or anything to the contrary set forth herein, in no event shall Trustor be obligated to defend or indemnify any Indemnified Party for any damages, losses, claims and liabilities directly resulting from the gross negligence, bad faith or willful misconduct of such Indemnified Party.

## ARTICLE X.

### NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 10.1 of the Loan Agreement.

## ARTICLE XI.

### APPLICABLE LAW

**Section 11.01    Governing Law; Jurisdiction; Service of Process**.  **WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND ENFORCEMENT OF THE LIENS AND SECURITY INTERESTS CREATED UNDER THIS DEED OF TRUST, THIS DEED OF TRUST SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, THE LAW OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW) SHALL GOVERN ALL MATTERS RELATING TO THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER.    ALL PROVISIONS OF THE LOAN AGREEMENT INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE LOAN AGREEMENT.**

**Section 11.02    Usury Laws**.  Notwithstanding anything to the contrary, (a) all agreements and communications between Trustor and Beneficiary are hereby and shall automatically be limited so that,

after taking into account all amounts deemed to constitute interest, the interest contracted for, charged or received by Beneficiary shall never exceed the maximum legal rate of interest, (b) in calculating whether any interest exceeds the maximum legal rate of interest, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal Indebtedness of Trustor to Beneficiary, and (c) if through any contingency or event, Beneficiary receives or is deemed to receive interest in excess of the maximum legal rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding Indebtedness of Trustor to Beneficiary, or if there is no such Indebtedness, shall immediately be returned to Trustor.

Section 11.03   **Provisions Subject to Applicable Law.** All rights, powers and remedies provided in this Deed of Trust may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Deed of Trust invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable law. If any term of this Deed of Trust or any application thereof shall be invalid or unenforceable, the remainder of this Deed of Trust and any other application of the term shall not be affected thereby.

## ARTICLE XII.

### DEFINITIONS

Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Deed of Trust may be used interchangeably in the singular or plural form and the word "Trustor" shall mean "each Trustor and any subsequent owner or owners of the Property or any part thereof or any interest therein," the word "Beneficiary" shall mean "Beneficiary and any subsequent holder of the Note," the word "Note" shall mean "the Note and any other evidence of Indebtedness secured by this Deed of Trust," the word "Property" shall include any portion of the Property and any interest therein, and the phrases "attorneys' fees", "legal fees" and "counsel fees" shall include any and all reasonable attorneys', paralegal and law clerk fees and disbursements, including, but not limited to, fees and disbursements at the pre-trial, trial and appellate levels, incurred or paid by Beneficiary in protecting its interest in the Property, the Leases, the Rents, the sums due under the Lease Guaranties, and/or in enforcing its rights hereunder. Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms.

## ARTICLE XIII.

### MISCELLANEOUS PROVISIONS

Section 13.01   **No Oral Change.** This Deed of Trust, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Trustor or Beneficiary, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

Section 13.02   **Successors and Assigns.** This Deed of Trust shall be binding upon, and shall inure to the benefit of, Trustor and Beneficiary and their respective successors and permitted assigns, as set forth in the Loan Agreement.

Section 13.03   **Inapplicable Provisions.** If any provision of this Deed of Trust is held to be illegal, invalid or unenforceable under present or future laws effective during the term of this Deed of Trust, such provision shall be fully severable and this Deed of Trust shall be construed and enforced as if such

illegal, invalid or unenforceable provision had never comprised a part of this Deed of Trust, and the remaining provisions of this Deed of Trust shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Deed of Trust, unless such continued effectiveness of this Deed of Trust, as modified, would be contrary to the basic understandings and intentions of the parties as expressed herein.

Section 13.04  **Headings, Etc.**  The headings and captions of the various Sections of this Deed of Trust are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

Section 13.05  **Subrogation**.  If any or all of the proceeds of the Note have been used to extinguish, extend or renew any indebtedness heretofore existing against the Property, then, to the extent of the funds so used, Beneficiary shall be subrogated to all of the rights, claims, liens, titles and interests existing against the Property heretofore held by, or in favor of, the holder of such indebtedness and such former rights, claims, liens, titles and interests, if any, are not waived, but rather are continued in full force and effect in favor of Beneficiary and are merged with the Lien and security interest created herein as cumulative security for the payment, performance and discharge of the Obligations (including, but not limited to, the payment of the Debt).

Section 13.06  **Entire Agreement**.  The Note, the Loan Agreement, this Deed of Trust and the other Loan Documents constitute the entire understanding and agreement between Trustor and Beneficiary with respect to the transactions arising in connection with the Obligations and supersede all prior written or oral understandings and agreements between Trustor and Beneficiary with respect thereto.  Trustor hereby acknowledges that, except as incorporated in writing in the Note, the Loan Agreement, this Deed of Trust and the other Loan Documents, there are not, and were not, and no Persons are or were authorized by Beneficiary to make, any representations, understandings, stipulations, agreements or promises, oral or written, with respect to the transaction which is the subject of the Note, the Loan Agreement, this Deed of Trust and the other Loan Documents.

Section 13.07  **Limitation on Beneficiary's Responsibility**.  No provision of this Deed of Trust shall operate to place any obligation or liability for the control, care, management or repair of the Property upon Beneficiary, nor shall it operate to make Beneficiary responsible or liable for any waste committed on the Property by the Tenants or any other Person, or for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any Tenant, licensee, employee or stranger.  Nothing herein contained shall be construed as constituting Beneficiary a "mortgagee in possession."

Section 13.08  **Recitals**.  The recitals hereof are a part hereof, form a basis for this Deed of Trust and shall be considered prima facie evidence of the facts and documents referred to therein.

Section 13.09  **Trustee; Successor Trustee**.  Trustee shall not be liable for any error of judgment or act done by Trustee, or be otherwise responsible or accountable under any circumstances whatsoever, except if the result of Trustee's gross negligence or willful misconduct.  Trustee shall not be personally liable in case of entry by it or anyone acting by virtue of the powers herein granted to it upon the Property for debts contracted or liability or damages or damages incurred in the management or operation of the Property. Trustee shall have the right to rely on any instrument, document or signature authorizing or supporting any action taken or proposed to be taken by it hereunder or believed by it to be genuine. Trustee shall be entitled to reimbursement for actual expenses incurred by it in the performance of its duties hereunder and to reasonable compensation for such of its services hereunder as shall be rendered. Trustor will, from time to time, reimburse Trustee for and save and hold it harmless for, from and against any and all loss, cost, liability, damage and reasonable expense whatsoever incurred by it in the performance of its

duties. All monies received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other monies (except to the extent required by law) and Trustee shall be under no liability for interest on any monies received by it hereunder. Trustee may resign by giving of notice of such resignation in writing to Beneficiary. If Trustee shall die, resign or become disqualified from acting in the execution of this trust or shall fail or refuse to exercise the same when requested by Beneficiary or if for any or no reason and without cause Beneficiary shall prefer to appoint a substitute trustee to act instead of the original Trustee named herein, or any prior successor or substitute trustee, Beneficiary shall, without any formality or notice to Trustor or any other person, have full power to appoint a substitute trustee and, if Beneficiary so elects, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the aforenamed Trustee. Each appointment and substitution shall be evidenced by an instrument in writing which shall recite the parties to, and the book and page of record or instrument number of, this Deed of Trust, and the description of the real property herein described, which instrument, executed and acknowledged by Beneficiary, shall (i) be conclusive proof of the proper substitution and appointment of such successor Trustee or Trustees, (ii) duly assign and transfer all the estates, properties, rights, powers and trusts of Trustee so ceasing to act and (iii) be notice of such proper substitution and appointment to all parties in interest. In addition, such Trustee ceasing to act shall duly assign, transfer, and deliver any of the property and monies held by Trustee to the successor Trustee so appointed in its place. The Trustee may act in the execution of this trust and may authorize one or more parties to act on its behalf to perform the ministerial functions required of it hereunder, including without limitation, the transmittal and posting of any notices and it shall not be necessary for any Trustee to be present in person at any foreclosure sale.

Section 13.10    **Time of Essence**. Time is of the essence with respect to this Deed of Trust and each and every provision hereof.

## ARTICLE XIV.

### STATE-SPECIFIC PROVISIONS

Section 14.01    **Principles of Construction**. In the event of any inconsistencies between the terms and provisions of this Article XIV and the other terms and provisions of this Deed of Trust, the terms and provisions of this Article XIV shall control and be binding.

Section 14.02    **Guaranties and Environmental Indemnity; Separate Obligations**. Anything to the contrary herein or elsewhere notwithstanding, neither the Guaranty, nor any other guaranty of any or all of the Obligations which may from time to time be given by any person or entity other than Trustor, nor any obligation arising under any of such guaranties, shall be secured by this Deed of Trust, any separate assignment of leases or assignment of rents, or any other lien encumbering the Property; provided however that any environmental indemnity provisions set forth in this Deed of Trust, the Loan Agreement or in the Environmental Indemnity shall be so secured, subject to the rights of Beneficiary to proceed on an unsecured basis thereunder pursuant to applicable law.

Section 14.03    **Waiver of Right of Offset.** Notwithstanding anything contained herein to the contrary, no portion of the Obligations shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Trustor may have or claim to have against Beneficiary. Trustor hereby waives, to the fullest extent permitted by applicable law, the benefits of California Code of Civil Procedure Section 431.70.

Section 14.04    **Waiver of Statutory Allocation of Awards**. Trustor hereby specifically, unconditionally and irrevocably waives all rights of a property owner granted under California Code of Civil Procedure Section 1265.225(a), which provides for allocation of condemnation proceeds between a

property owner and a lienholder, and any other law or successor statute of similar import, and agrees that the provisions of the Loan Agreement shall govern the disposition of such proceeds.

**Section 14.05    <u>Commercial Purposes</u>**. Trustor represents and warrants to Beneficiary that the Loan is for commercial purposes, and not for personal, household or consumer purposes. Trustor hereby waives, to the fullest extent permitted by applicable law, the benefits of California Civil Code Sections 2924.5, 2924.6, 2937, 2948.5, 2954.8, and 2954.9. Trustor represents, warrants and covenants to Beneficiary that the Property has been or will be acquired and owned by Trustor for investment purposes only and will at no time be occupied by Trustor, any Loan Party or any Interest Owner, or by any of their respective affiliates or by any Person related to any Loan Party or any Interest Owner that is a natural person.

**Section 14.06    <u>CCP Section 2822 Waiver</u>**. Trustor hereby irrevocably authorizes Beneficiary to apply any and all amounts received by Beneficiary in repayment of the Debt first to amounts which are not guaranteed pursuant to the terms of any guaranty of the Loan and then to amounts which are guaranteed pursuant to the terms of any guaranty of the Loan. Trustor hereby waives any and all rights it has or may have under Section 2822 of the California Civil Code which provides that if a guarantor is "liable upon only a portion of an obligation and the principal provides partial satisfaction of the obligation, the principal may designate the portion of the obligation that is to be satisfied."

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, THIS DEED OF TRUST has been executed by Trustor as of the day and year first above written.

**TRUSTOR:**

CASA FOR YOU, LLC,
a California limited liability company

By: _____
Name: SALVADOR E FERNANDEZ
Its: Managing Member

## ACKNOWLEDGMENT

> A notary public or other office completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of _Los Angeles_                )

On _September 11, 2024_, before me, _Amelia Labrada, Notary Public_,
                                                   (insert name of notary)
Notary Public, personally appeared _Salvador E Fernandez_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____            (Seal)



AMELIA LABRADA
Notary Public - California
Los Angeles County
Commission # 2429792
My Comm. Expires Dec 9, 2026

## EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE  SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014

EXHIBIT "3"

 

**This page is part of your document - DO NOT DISCARD**



# 20250334331

**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/20/25 AT 02:22PM**

| | |
|---|---|
| FEES: | 98.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 323.00 |

202505200170036

**00025490057**

015308591

**SEQ:
01**

**SECURE - Daily**

 

**THIS FORM IS NOT TO BE DUPLICATED**

*E465200*

PREPARED & RECORDING
REQUESTED BY:
CoreVest American Finance Lender LLC
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
COREVEST PURCHASER 2, LLC
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

---

THIS SPACE ABOVE FOR RECORDER'S USE

## ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, COREVEST AMERICAN FINANCE LENDER LLC, a Delaware limited liability company ("**Assignor**"), does hereby transfer, assign, grant and convey to COREVEST PURCHASER 2, LLC, a Delaware limited liability company (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company, as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585 in the County of Los Angeles Recorder's Office, State of California (the "**Security Instrument**"), encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH:  (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment.  This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of September 24, 2024.

**Assignor**:

COREVEST AMERICAN FINANCE LENDER LLC,
a Delaware limited liability company

By: _____
Sokun Soun
Its:  Authorized Signatory

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )

County of _____Orange_____          )

On _September 24, 2024_ before me, _____Sabrina Quinonez, Notary Public_____,
       *Date*                                    *Here Insert Name and Title of the Officer*

personally appeared _____Sokun Soun_____
                               *Name(s) of Signer(s)*

_____N/A_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SABRINA QUINONEZ
Notary Public - California
Orange County
Commission # 2496661
My Comm. Expires Aug 5, 2028

Signature _____

*Signature of Notary Public*

*Place Notary Seal Above*

──────────── **OPTIONAL** ────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited  ☐ General | ☐ Partner — ☐ Limited  ☐ General |
| ☐ Individual    ☐ Attorney in Fact | ☐ Individual    ☐ Attorney in Fact |
| ☐ Trustee    ☐ Guardian or Conservator | ☐ Trustee    ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

**Schedule 1**
**Schedule of Property Addresses**

4416 Mont Eagle Place, Los Angeles, California 90041

## EXHIBIT A

Legal Description
THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS
ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS
FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41,
PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY,
DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE
NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE
TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO
THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID
NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND
DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL
DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384,
OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF
SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85
THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81
FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT
R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE
NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO
THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID
NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS
OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014




**This page is part of your document - DO NOT DISCARD**



## 20250334332

**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/20/25 AT 02:22PM**

| | | |
|---|---|---:|
| FEES: | | 98.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 225.00 |
| PAID: | | 323.00 |




202505200170036

00025490058

015308591

**SEQ:
02**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**



E465200

PREPARED & RECORDING
REQUESTED BY:
COREVEST PURCHASER 2, LLC
c/o CoreVest Finance
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
CAF TERM BORROWER CII, LLC
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

THIS SPACE ABOVE FOR RECORDER'S USE

## ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, COREVEST PURCHASER 2, LLC, a Delaware limited liability company ("**Assignor**"), does hereby transfer, assign, grant and convey to CAF TERM BORROWER CII, LLC, a Delaware limited liability company (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Security Instrument**") executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company ("**Original Lender**"), as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585, in the County of Los Angeles Recorder's Office, State of California ("**Official Records**"), previously assigned to Assignor as Beneficiary, from Original Lender by an Assignment of Security Instrument dated as of the date hereof and recorded concurrently herewith in the Official Records, encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH:  (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment.  This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of September 24, 2024.

**Assignor**:

COREVEST PURCHASER 2, LLC,
a Delaware limited liability company

By: _____
Sokun Soun
Its:  Authorized Signatory

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of _____Orange_____        )

On _September 24, 2024_ before me, _____Sabrina Quinonez, Notary Public_____,
            *Date*                              *Here Insert Name and Title of the Officer*

personally appeared _____Sokun Soun_____
                              *Name(s) of Signer(s)*
_____N/A_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SABRINA QUINONEZ
Notary Public - California
Orange County
Commission # 2496661
My Comm. Expires Aug 5. 2028

Signature _____
                *Signature of Notary Public*

*Place Notary Seal Above*
━━━━━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━━━━━
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____    Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited  ☐ General | ☐ Partner — ☐ Limited  ☐ General |
| ☐ Individual       ☐ Attorney in Fact | ☐ Individual       ☐ Attorney in Fact |
| ☐ Trustee         ☐ Guardian or Conservator | ☐ Trustee         ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

**Schedule 1**
**Schedule of Property Addresses**

4416 Mont Eagle Place, Los Angeles, California 90041

## EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014




**This page is part of your document - DO NOT DISCARD**



# 20250334333

**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/20/25 AT 02:22PM**

| | |
|---|---|
| FEES: | 98.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 323.00 |



**L E A D S H E E T**

202505200170036

**00025490059**

015308591

**SEQ:
03**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**



*E465200*

PREPARED & RECORDING
REQUESTED BY:
CAF TERM BORROWER CH, LLC
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
COREVEST PURCHASER 2, LLC
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

THIS SPACE ABOVE FOR RECORDER'S USE

## ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, CAF TERM BORROWER CH, LLC, a Delaware limited liability company ("**Assignor**"), does hereby transfer, assign, grant and convey to COREVEST PURCHASER 2, LLC, a Delaware limited liability company (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company, as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585 in the County of Los Angeles Recorder's Office, State of California (the "**Security Instrument**"), encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH:  (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment.  This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of October 22, 2024.

Assignor:

CAF TERM BORROWER CH, LLC,
a Delaware limited liability company

By: _____
Sokun Soun
Its:  Authorized Signatory

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Orange _____ )

On ___ October 22, 2024 ___ before me, ___ Ginette L. Vandal, Public Notary ___
(insert name and title of the officer)

personally appeared ___ Sokun Soun-------------- ___,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

GINETTE L. VANDAL
Notary Public - California
Orange County
Commission # 2424871
My Comm. Expires Nov 18, 2026

Signature _____    (Seal)

## Schedule 1
## Schedule of Property Addresses

4416 Mont Eagle Place, Los Angeles, California 90041

## EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS, THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014



**This page is part of your document - DO NOT DISCARD**





# 20250334334

**Pages:**
**0006**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/20/25 AT 02:22PM**

| | |
|---|---|
| FEES: | 98.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 323.00 |



202505200170036

**00025490060**

015308591

**SEQ:**
**04**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**



E465200

PREPARED & RECORDING
REQUESTED BY:
COREVEST PURCHASER 2, LLC
c/o CoreVest Finance
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
Redwood Maple Bridge Finance Trust
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

_____
                                            THIS SPACE ABOVE FOR RECORDER'S USE

### ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, COREVEST PURCHASER 2, LLC, a Delaware limited liability company ("**Assignor**"), does hereby transfer, assign, grant and convey to Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee of Redwood Maple Bridge Finance Trust, a Delaware Statutory Trust (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company, as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585, in the County of Los Angeles Recorder's Office, State of California (the "**Security Instrument**"), encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH:  (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment.  This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

*[Signature Page Follows]*

     IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of October 22, 2024.

**Assignor:**

COREVEST PURCHASER 2, LLC,
a Delaware limited liability company

By: _____

Sokun Soun
Its: Authorized Signatory

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Orange _____ )

On _____ October 22, 2024 _____ before me, _ Ginette L. Vandal, Public Notary _
(insert name and title of the officer)

personally appeared __ Sokun Soun-------------- _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GINETTE L. VANDAL
Notary Public - California
Orange County
Commission # 2424871
My Comm. Expires Nov 18, 2026

Signature _____    **(Seal)**

**<u>Schedule 1</u>**
**<u>Schedule of Property Addresses</u>**

4416 Mont Eagle Place, Los Angeles, California 90041

## EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS; THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014




**This page is part of your document - DO NOT DISCARD**



## 20250334335

**Pages:
0007**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/20/25 AT 02:22PM**

| | |
|---|---|
| FEES: | 98.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 323.00 |



202505200170036

**00025490061**

015308591

**SEQ:
05**

SECURE - Daily

**THIS FORM IS NOT TO BE DUPLICATED**



E13-20250516 249

*E465200*

PREPARED & RECORDING
REQUESTED BY:
Redwood Maple Bridge Finance Trust
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
Redwood Maple Mortgage Fund, LP
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

THIS SPACE ABOVE FOR RECORDER'S USE

## ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee ("**Trustee**") of Redwood Maple Bridge Finance Trust (the "**Trust**"), a Delaware Statutory Trust ("**Assignor**"), does hereby transfer, assign, grant and convey to Redwood Maple Mortgage Fund, LP (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company, as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585 in the County of Los Angeles Recorder's Office, State of California (the "**Security Instrument**"), encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH: (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment. This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

It is expressly understood and agreed by the parties hereto that (a) this Assignment is executed and delivered by Wilmington Trust, National Association ("WTNA"), not individually or personally but solely as Trustee, in the exercise of the powers and authority conferred and vested in it under the trust agreement of the Assignor, (b) each of the representations, warranties, undertakings and agreements herein made on the part of the Assignor is made and intended not as personal representations, warranties, undertakings and agreements by WTNA, but is made and intended for the purpose of binding only, and shall be binding only on, the Assignor, (c) nothing herein contained shall be construed as creating any obligation or liability on WTNA, individually or personally or as Trustee, to perform any covenant either expressed or implied contained herein, all such liability, if any, being expressly waived by the parties hereto and by any Person claiming by, through or under the parties hereto, (d) WTNA, in its individual capacity or as Trustee, has not

made and will not make any investigation as to the accuracy or completeness of any representations or warranties made by the Assignor in this Assignment or any related document, (e) under no circumstances shall WTNA, be personally liable for the payment of any fees, indemnities, indebtedness or expenses of the Assignor or be liable for the performance, breach or failure of any obligation, representation, warranty or covenant expressly made or undertaken by the Assignor under this Assignment or any other related documents, as to all of which recourse shall be had solely to the assets of the Assignor, and (f) for all purposes of this Assignment and any other document or instrument, WTNA, and the Trustee shall be entitled to the rights, indemnities, privileges, immunities and benefits as are set forth in the trust agreement of the Assignor.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of December 9, 2024.

**Assignor:**

Wilmington Trust, National Association, not in its individual capacity but solely as Trustee of Redwood Maple Bridge Finance Trust

By: CoreVest American Finance Lender LLC, as its attorney-in-fact

By: _____

Jennifer Leuenberger
Its:  Authorized Signatory

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Orange _____ )

On ____ December 9, 2024 _____ before me, ___ Ginette L. Vandal, Public Notary _____
                                                            (insert name and title of the officer)

personally appeared ____ Jennifer Leuenberger------------------- _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

GINETTE L. VANDAL
Notary Public - California
Orange County
Commission # 2424871
My Comm. Expires Nov 18, 2026

Signature _____    **(Seal)**

**Schedule 1**
**Schedule of Property Addresses**

4416 Mont Eagle Place, Los Angeles, California 90041

## EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014




**This page is part of your document - DO NOT DISCARD**



# 20250334336

**Pages:
0006**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/20/25 AT 02:22PM**

| | |
|---|---|
| FEES: | 98.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 323.00 |



202505200170036

**00025490062**

015308591

**SEQ:
06**

SECURE - Daily



**THIS FORM IS NOT TO BE DUPLICATED**



E465200

PREPARED & RECORDING
REQUESTED BY:
Redwood Maple Mortgage Fund, LP
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

AFTER RECORDING RETURN TO:
CAFL 2024-RTL1 ISSUER, LP
4 Park Plaza, Suite 900
Irvine, CA 92614
Attn: Post Closing

_____

THIS SPACE ABOVE FOR RECORDER'S USE

### ASSIGNMENT OF SECURITY INSTRUMENT

FOR VALUE RECEIVED, Redwood Maple Mortgage Fund, LP ("**Assignor**"), does hereby transfer, assign, grant and convey to CAFL 2024-RTL1 ISSUER, LP (together with its successors and assigns, "**Assignee**"), having an address at c/o CoreVest Finance, 4 Park Plaza, Suite 900, Irvine, CA 92614, all of Assignor's right, title and interest in, to and under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing executed by CASA FOR YOU, LLC, a(n) California limited liability company, as Trustor, for the benefit of CoreVest American Finance Lender LLC, a Delaware limited liability company, as Beneficiary, and recorded on September 16, 2024, in Instrument 20240627585, in the County of Los Angeles Recorder's Office, State of California (the "**Security Instrument**"), encumbering, among other things, the Real Property as defined in and legally described on Exhibit A to the Security Instrument, and commonly known by the property address(es) set forth on **Schedule 1** hereto, and Assignor does hereby grant and delegate to Assignee any and all of the duties and obligations of Assignor thereunder from and after the date hereof.

TOGETHER WITH:  (i) the note(s) described or referred to in the Security Instrument, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder; and (ii) all other "Loan Documents" (as defined in the Security Instrument).

This Assignment of Security Instrument (this "**Assignment**") is an absolute assignment.  This Assignment is made without recourse, representation or warranty, express or implied, by Assignor.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Security Instrument as of December 9, 2024.

**Assignor:**

Redwood Maple Mortgage Fund, LP


By: CoreVest American Finance Lender LLC,
as Loan Administration


By: _____
Jennifer Leuenberger
Its:  Authorized Signatory

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Orange _____ )

On _____ December 9, 2024 _____ before me, _____ Ginette L. Vandal, Public Notary _____
(insert name and title of the officer)

personally appeared _____ Jennifer Leuenberger------------------- _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GINETTE L. VANDAL
Notary Public - California
Orange County
Commission # 2424871
My Comm. Expires Nov 18, 2026

Signature _____    **(Seal)**

**<u>Schedule 1</u>**
**<u>Schedule of Property Addresses</u>**

4416 Mont Eagle Place, Los Angeles, California 90041

# EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Property Commonly Known As: 4416 Mont Eagle Place, Los Angeles, California 90041

APN: 5474-043-014

EXHIBIT "4"




**This page is part of your document - DO NOT DISCARD**



# 20250401358

**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/16/25 AT 08:00AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 110.00 |



202506160260015

00025569938

015361162

**SEQ:
02**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



*E503436*

WFG National-Default Services

RECORDING REQUESTED BY:
California TD Specialists
Attn: Patricia Matamoros

WHEN RECORDED MAIL TO:
**California TD Specialists**
**Attn: Patricia Matamoros**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**

SPACE ABOVE THIS LINE FOR RECORDER'S USE
A.P.N.: **5474-043-014**

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE**
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN**
**YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account,
which is normally five business days prior to the date set for the sale of your property. No sale date may be set
until approximately 90 days from the date this notice of default may be recorded (which date of recordation
appears on this notice).

This amount is **$28,002.02** as of **6/10/2025**, and will increase until your account becomes current. While
your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by
your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the
property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or
mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good
standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide
reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire
amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full
payment was demanded, but you must pay all amounts in default at the time payment is made. However, you
and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted
(which may not be earlier than three months after this notice of default is recorded) to, among other things. (1)
provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a
schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation
being foreclosed upon or a separate written agreement between you and your creditor permits a longer period,

you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**CAFL 2024-RTL1 ISSUER, LP**
**C/O California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**Phone: (714) 283-2180**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **CALIFORNIA TD SPECIALISTS, AS TRUSTEE** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **9/9/2024**, executed by **CASA FOR YOU, LLC, A(N) CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure certain obligations in favor of **COREVEST AMERICAN FINANCE LENDER LLC, A DELAWARE LIMITED LIABILITY COMPANY**, as beneficiary, recorded **9/16/2024**, as Instrument No. **20240627585**, in Book ////, Page ////,   of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as: As more fully described on said Deed of Trust.

Including one **NOTE(S) FOR THE ORIGINAL** sum of **$1,718,580.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
**Installment of Principal and Interest plus impounds and/or advances which became due on 4/1/2025 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. ADVANCES TO SENIOR LIENS, LEGAL FEES, INSURANCE, TAXES PLUS INTEREST AND DELINQUENT TAXES AND/OR INSURANCE PREMIUMS TO BE ADVANCED BY THE BENEFICIARY AFTER THE RECORDING OF THE NOTICE OF DEFAULT. AS A CONDITION OF REINSTATEMENT, ALL SENIOR LIENS, PROPERTY TAXES AND FIRE INSURANCE PREMIUMS MUST NOT BE DELINQUENT AND MUST HAVE A CURRENT PAID STATUS. "REFERENCE IS HEREBY MADE THAT SAID NOTE HAS A MATURITY DATE OF 9/9/2025".**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**The mortgage servicer/lender has supplied reliable and competent evidence to substantiate the borrower's default and its right to foreclose.**

**Dated: 6/10/2025**

CALIFORNIA TD SPECIALISTS, AS TRUSTEE

BY:_____

PATRICIO S. INCE, VICE PRESIDENT

Reset Form

# Declaration of Mortgage Servicer
# Pursuant to Civil Code Section 2923.5(b)

| | |
|---|---|
| Borrower Name(s): | Casa For You, LLC |
| Loan Number: | |
| Mortgage Servicer: | FCI Lender Services, Inc. |
| Property Address: | 4416 Mont Eagle Place Los Angeles, CA 90041 |
| | |
| Trustee Sale Number: | |

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

☐ 1. The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

☐ 2. Despite the exercise of due diligence pursuant to California Civil Code Section 2923.5 (e), the mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

☑ 3. No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code Section 2920.5.

☐ 4. The requirements of California Civil Code Section 2923.5 do not apply because the loan is not secured by a first mortgage or first deed of trust that secures a loan, or that encumbers real property, described in California Civil Code Section 2924.15.

☐ 5. The mortgage servicer has contacted the borrower pursuant to California Civil Code Section 2923.5(a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made. A forbearance was requested by the borrower and denied by the Lender. The denial letter for the requested forbearance is attached.

I certify that this declaration is accurate, complete, and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

| | |
|---|---|
| **FCI Lender Services, Inc.** | **Mike Lloyd** |
| Mortgage Servicer | Authorized Agent/ Manager |
| **Mike Lloyd** Digitally signed by Mike Lloyd Date: 2025.05.39 11:46:48 -07'00' | **05/29/2025** |
| Signature | Date |

EXHIBIT "5"




**This page is part of your document - DO NOT DISCARD**

# 20250652732



**Pages:**
**0006**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/23/25 AT 08:00AM**

| | |
|---|---|
| FEES: | 41.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 116.00 |



202509230220007

**00025845064**

015536649

**SEQ:**
**01**

SECURE - 8:00AM




**THIS FORM IS NOT TO BE DUPLICATED**

*E534011*

2651615CAD_Package_3_

**RECORDING REQUESTED BY:**

**CALIFORNIA TD SPECIALISTS**
Attn: Teri Snyder

**WHEN RECORDED MAIL TO:**

**CALIFORNIA TD SPECIALISTS**
Attn: Teri Snyder
**8190 EAST KAISER BLVD.**
**ANAHEIM HILLS, CA 92808**

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# NOTICE OF TRUSTEE'S SALE

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED** 9/9/2024. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**On** 10/15/2025 **at** 10:30 AM, **CALIFORNIA TD SPECIALISTS, AS TRUSTEE as the duly appointed Trustee under and pursuant to Deed of Trust recorded on** 9/16/2024 **as Instrument No. 20240627585 in book** //// **, page** //// **of official records in the Office of the Recorder of** Los Angeles **County, California, executed by:**

CASA FOR YOU, LLC, A(N) CALIFORNIA LIMITED LIABILITY COMPANY
, **as Trustor**

COREVEST AMERICAN FINANCE LENDER LLC, A DELAWARE LIMITED LIABILITY COMPANY
, **as Beneficiary**

**WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766,**

1

**Title Order No.:**
**Trustee Sale No.:**
**Loan No.:**
**APN:**

### NOTICE OF TRUSTEE'S SALE - continued

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein:

See Legal Description Attached as Exhibit "A"

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be: 4416 MONT EAGLE PLACE, LOS ANGELES, CA 90041

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit:

$931,465.02 (Estimated)
Accrued interest and additional advances, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

**DATE:** 9/18/2025

CALIFORNIA TD SPECIALISTS, AS TRUSTEE, as Trustee
8190 EAST KAISER BLVD., ANAHEIM HILLS, CA  92808
PHONE: 714-283-2180
**FOR TRUSTEE SALE INFORMATION LOG ON TO:** www.stoxposting.com
**CALL:** 844-477-7869

_____
PATRICIO S. INCE', VICE PRESIDENT

**CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

2

**Title Order No.:**
**Trustee Sale No.:**
**Loan No.:**
**APN:**

"**NOTICE TO POTENTIAL BIDDERS**: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid on a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of the outstanding lien that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 844-477-7869, or visit this Internet Web site www.stoxposting.com, using the file number assigned to this case T.S.# 88224. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale."

For sales conducted after January 1, 2021:
**NOTICE TO TENANT**: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call 844-477-7869, or visit this internet website www.stoxposting.com, using the file number assigned to this case 88224 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid; by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code; so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

**Disclosure**
In compliance with CA civil code 2924f(F), the opening bid for the foreclosure sale is based on a valuation provided t the trustee by the lender of the lender's representative. The trustee does not determine, verify , or opine on the accuracy of this valuation and makes no representation regarding the market value of the property subject to foreclosures (the "Property").

3

**Title Order No.:**
**Trustee Sale No.:**
**Loan No.:**
**APN:**

The trustee's compliance or non-compliance with CA civil code 2924f(f) shall not be construed as an opinion, warranty, or representation regarding (i) the priority of the deed of trust being foreclosed, (ii) the condition of title to the Property, or (iii) any other matters affecting the Property, including the value of the Property. The trustee relies solely on the trustee's sale guaranty and/or information provided by the lender regarding the lien priority and title condition and does not independently verify such information.

All bidders are solely responsible for conducting their own independent due diligence regarding the loan, the Property, its value, the lien priority of the deed of trust being foreclosed, and the condition of the title to the Property. The trustee assumes no liability for the accuracy or completeness of any information provided by third parties, including the lender.

The valuation used to determine the minimum opening bid applies only to the initially scheduled sale date. Any postponement or continuation of the sale does not obligate the trustee to obtain or rely upon a new valuation, nor does it alter the trustee's limited role in the process.

LEGAL DESCRIPTION

EXHIBIT 'A'

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE; SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS; THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Exhibit 6

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

FERNANDO FERNANDEZ
5058 BARTLETT AVENUE
SAN GABRIEL, CA. 91776
APN# 5474-043-014

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $ **NONE** and CITY $ **NONE**
☒  computed on full value of property conveyed, or
☐  computed on full value less liens or encumbrances remaining at the time of sale.
☐  unincorporated area:          ☒  **CITY OF LOS ANGELES** and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**CASA FOR YOU LLC.,** a California Limited Liability Company

hereby GRANT(S) to   **FERNANDO FERNANDEZ,** a single man

the following described real property in the City of Los Angeles, County of Los Angeles, State of California:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

More commonly known as: 4416 Mont Eagle Place, Los Angeles, CA. 90041

" This is a Bonafide Gift and the Grantor received Nothing in Return,  R& T 11911 "

Date    10/14/2025

CASA FOR YOU LLC., a California Limited Liability Company

Fernando Fernandez

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA
COUNTY OF Los Angeles          } S.S.

On Oct. 14th 2025  , before me CHRISTOPHER D. SALVO, Notary Public
personally appeared   Fernando Fernandez   who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

CHRISTOPHER DI SALVO
Notary Public - California
Los Angeles County
Commission # 2480707
My Comm. Expires Jan 30, 2028

Mail Tax Statements to: SAME AS ABOVE or Address Noted Below

## EXHIBIT "A"
### Legal Description

For APN/Parcel ID(s): 5474-043-014

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOTS 85 AND 86 OF TRACT NO. 3631, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 41, PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE NORTHEASTERLY CORNER OF SAID LOT 86; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE THEREOF, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 4.12 FEET TO THE END OF SAID CURVE; THENCE NORTH 77° 56' 30" WEST, ALONG SAID NORTHEASTERLY LINE, 36 FEET TO THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THAT CERTAIN AGREEMENT TO CONVEY FROM THE GLASSELL DEVELOPMENT COMPANY TO JAMES A. COMBS, RECORDED IN BOOK 2952, PAGE 384, OFFICIAL RECORDS; THENCE SOUTH 14° 47' 50" WEST ALONG THE WESTERLY LINE OF SAID SO DESCRIBED LAND, 188.10 FEET TO THE SOUTHWESTERLY LINE OF SAID LOT 85 THENCE: SOUTH 46° 57' 30" EAST ALONG SAID SOUTHWESTERLY LINE 28.81 FEET TO THE MOST WESTERLY CORNER OF THE LAND DESCRIBED IN DEED TO ALBERT R. POTTS AND WIFE, RECORDED IN BOOK 6728, PAGE 298, OFFICE RECORDS: THENCE NORTH 24° 29' 30" EAST ALONG THE NORTHWESTERLY LINE THEREOF; 204.98 FEET TO THE NORTHEASTERLY LINE OF SAID LOT 85; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE, ON A CURVE CONCAVE TO THE SOUTHWEST, HAVING A RADIUS OF 113.28 FEET, A DISTANCE OF 19.88 FEET TO THE POINT OF BEGINNING.

Exhibit 7

BOARD OF
**BUILDING AND SAFETY**
**COMMISSIONERS**

JACOB STEVENS
PRESIDENT
NANCY YAP
VICE-PRESIDENT
CORISSA HERNANDEZ
JAVIER NUNEZ
MOISES ROSALES

# CITY OF LOS ANGELES
CALIFORNIA



KAREN BASS
MAYOR

DEPARTMENT OF
**BUILDING AND SAFETY**
201 NORTH FIGUEROA STREET
LOS ANGELES, CA 90012

OSAMA YOUNAN, P.E.
GENERAL MANAGER
SUPERINTENDENT OF BUILDING

JOHN WEIGHT
EXECUTIVE OFFICER

## THREE (3)-DAY NOTICE OF INTENT TO
## CLEAN, FENCE, BARRICADE AND ABATE GRAFFITI

CALIFORNIA TD SPECIALISTS
8190 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

**CASE #:** 1053311
**EFFECTIVE DATE:** 10/13/2025

INTERESTED PARTY OF
SITE ADDRESS:   4416  E MONT EAGLE  PL
ASSESSORS PARCEL NO.: 5474-043-014

Pursuant to Sections 91.8902, 91. 8903 and 91.8904 of the Los Angeles Municipal Code, (L.A.M.C.), the Department of Building & Safety issued an Abate Order, effective July 21, 2025, ordering the owner or person in control of the property to abate the existing nuisance conditions caused by the vacant structure and premises. A reinspection has revealed that the vacant structure and its premises are not being maintained in accordance with the Abate Order.

Vacant, unsecured or barricaded structures and their premises cause deterioration and disruption in the neighborhoods and are considered nuisances that often attract criminal activity, which threatens the safety and welfare of the residents of surrounding properties.

THEREFORE, YOU ARE HEREBY NOTIFIED TO BARRICADE, CLEAN, FENCE AND ABATE GRAFFITI AT THE PROPER WITHIN 3 DAYS DAYS OF THE DATE OF THIS NOTICE. Your failure to abate the nuisance, will cause the Department of Buil & Safety, as authorized by L.A.M.C. Section 91.8904.1.2. to employ the service of a City authorized contractor to perform the necessary work. As provided by LAMC 91.8906.2 and 91.8903.3.3, the owner will be required to pay the cost of cleaning and fencing plus an amount equal to 40 percent of the cost, but not less than $100.00 to perform the actual work to cover the City's costs for administering the contract and supervising the work. These costs will become a lien against the property.

If you have any questions or require any additional information please feel free to contact me at  (213)252-3949. Office hours are 7 a.m. to 3:30 p.m. Monday through Thursday.

Inspector: _____

Date: _____ OCT 0 2 2025 _____

LUCIANO GAUNA
221 N. FIGUEROA ST. SUITE 110
LOS ANGELES, CA  90012
(213)252-3949

REVIEWED BY


0D CNAP 3 DAY NOTICE
ARTMENT OF BUILDING AND SAFETY

**CODE ENFORCEMENT BUREAU**
**For routine City business and non-emergency services: Call 3-1-1**
www.ladbs.org

6683932

Page 1 of 1

Exhibit 8



# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

**$550,000**
Loan Number     🟡 As-Is Price

Please Note: This report was completed with the following assumptions: Market Approach: **Fair Market Price** , Marketing Time: **Typical** . Important additional information relating to this report, including use and restrictions, is contained in an attached addendum which is an integral part of this report.

| | | | |
|---|---|---|---|
| **Address** | 4416 Mont Eagle Place, Los Angeles, CA 90041 | **Order ID** | 10491030 | **Property ID** | 37688187 |
| **Inspection Date** | 09/16/2025 | **Date of Report** | 09/19/2025 | | |
| **Loan Number** | | **APN** | 5474043014 | | |
| **Borrower Name** | Not Provided | **County** | Los Angeles | | |

**Tracking IDs**

| | | | |
|---|---|---|---|
| **Order Tracking ID** | 4416 Mont Eagle Place 53760 | **Tracking ID 1** | 4416 Mont Eagle Place 53760 |
| **Tracking ID 2** | Order Placed By: Aileen Fallis, (949) 34 | **Tracking ID 3** | Asset ID: 1278813 |

## General Conditions

| | | |
|---|---|---|
| **Owner** | CASA FOR YOU LLC | **Condition Comments** |
| **R. E. Taxes** | $1,957 | |
| **Assessed Value** | $151,284 | The subject property is in poor condition and not habitable. It is mostly a frame. There are no distinguishing bedrooms, kitchens, or bathrooms. |
| **Zoning Classification** | Residential LAR1 | |
| **Property Type** | SFR | |
| **Occupancy** | Vacant | |
| **Secure?** | No | |
| | (The home is not secure however it is mostly a frame) | |
| **Ownership Type** | Fee Simple | |
| **Property Condition** | Poor | |
| **Estimated Exterior Repair Cost** | $300,000 | |
| **Estimated Interior Repair Cost** | $0 | |
| **Total Estimated Repair** | $300,000 | |
| **HOA** | No | |
| **Visible From Street** | Visible | |
| **Road Type** | Public | |

## Neighborhood & Market Data

| | | |
|---|---|---|
| **Location Type** | Suburban | **Neighborhood Comments** |
| **Local Economy** | Stable | |
| **Sales Prices in this Neighborhood** | Low: $900000 High: $1085000 | This area is primarily made up of studio to two bedroom to three or four bedroom apartment complexes/high-rise apartments and single-family homes. Most of the residential real estate is renter occupied. Many of the residences in the Eagle Rock South neighborhood were built between 1970 and 1999. A number of residences were also built between 1940 and 1969. |
| **Market for this type of property** | Decreased 1 % in the past 6 months. | |
| **Normal Marketing Days** | <90 | |

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Current Listings

| | Subject | Listing 1 | Listing 2 | Listing 3 * |
|---|---|---|---|---|
| Street Address | 4416 Mont Eagle Place | 3728 Roderick Rd | 5139 San Rafael Ave | 2633 Medlow Ave |
| City, State | Los Angeles, CA | Los Angeles, CA | Los Angeles, CA | Los Angeles, CA |
| Zip Code | 90041 | 90065 | 90042 | 90065 |
| Datasource | MLS | MLS | MLS | MLS |
| Miles to Subj. | -- | 0.83 [1] | 0.98 [1] | 0.59 [1] |
| Property Type | SFR | SFR | SFR | SFR |
| Original List Price $ | $ | $849,000 | $899,900 | $730,000 |
| List Price $ | -- | $849,000 | $845,000 | $730,000 |
| Original List Date | | 08/25/2025 | 07/16/2025 | 05/29/2024 |
| DOM · Cumulative DOM | -- · -- | 22 · 25 | 62 · 65 | 475 · 478 |
| Age (# of years) | 102 | 98 | 103 | 77 |
| Condition | Poor | Average | Good | Fair |
| Sales Type | -- | Fair Market Value | Fair Market Value | Fair Market Value |
| Location | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential |
| View | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential |
| Style/Design | 1 Story Traditional | 1 Story Cape Cod | 1 Story Traditional | 1 Story Bungalow |
| # Units | 1 | 1 | 1 | 1 |
| Living Sq. Feet | 832 | 979 | 792 | 768 |
| Bdrm · Bths · ½ Bths | 2 · 1 | 3 · 2 | 2 · 1 | 2 · 1 |
| Total Room # | 5 | 7 | 5 | 5 |
| Garage (Style/Stalls) | None | Detached 1 Car | Detached 2 Car(s) | Detached 2 Car(s) |
| Basement (Yes/No) | No | No | No | No |
| Basement (% Fin) | 0% | 0% | 0% | 0% |
| Basement Sq. Ft. | -- | -- | -- | -- |
| Pool/Spa | -- | -- | -- | -- |
| Lot Size | 0.19 acres | 0.11 acres | 0.11 acres | 0.17 acres |
| Other | -- | -- | -- | -- |

\* Listing 3 is the most comparable listing to the subject.

[1] Comp's "Miles to Subject" was calculated by the system.
[2] Comp's "Miles to Subject" provided by Real Estate Professional.
[3] Subject $/ft based upon as-is sale price.

**Listing Comments** Why the comparable listing is superior or inferior to the subject.

**Listing 1** This property is a bit larger in GLA and has a second bathroom and third bedroom. It is an average condition.

**Listing 2** This property is in good condition but smaller in GLA. It comes with a detached garage and sits in a similar market area.

**Listing 3** This property is in fair condition and needs some updating per MLS. It is slightly smaller in GLA and sits on a similar sized lot. It is listed as a fixer

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Recent Sales

| | Subject | Sold 1 | Sold 2 * | Sold 3 |
|---|---|---|---|---|
| Street Address | 4416 Mont Eagle Place | 2834 Delevan Dr | 4006 Somers Ave | 4248 Division St |
| City, State | Los Angeles, CA | Los Angeles, CA | Los Angeles, CA | Los Angeles, CA |
| Zip Code | 90041 | 90065 | 90065 | 90065 |
| Datasource | MLS | MLS | MLS | MLS |
| Miles to Subj. | -- | 0.63 ¹ | 0.75 ¹ | 0.28 ¹ |
| Property Type | SFR | SFR | SFR | SFR |
| Original List Price $ | -- | $619,900 | $750,000 | $799,000 |
| List Price $ | -- | $619,900 | $750,000 | $799,000 |
| Sale Price $ | -- | $580,000 | $760,000 | $850,000 |
| Type of Financing | -- | Cash | Cash | Conventional |
| Date of Sale | -- | 06/24/2025 | 04/11/2025 | 05/16/2025 |
| DOM · Cumulative DOM | -- · -- | 39 · 39 | 81 · 81 | 30 · 30 |
| Age (# of years) | 102 | 101 | 99 | 71 |
| Condition | Poor | Fair | Fair | Average |
| Sales Type | -- | Fair Market Value | Fair Market Value | Fair Market Value |
| Location | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential |
| View | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential | Neutral ; Residential |
| Style/Design | 1 Story Traditional | 1 Story Traditional | 1 Story Traditional | 1 Story Traditional |
| # Units | 1 | 1 | 1 | 1 |
| Living Sq. Feet | 832 | 786 | 768 | 864 |
| Bdrm · Bths · ½ Bths | 2 · 1 | 2 · 1 | 2 · 1 | 2 · 1 |
| Total Room # | 5 | 5 | 5 | 5 |
| Garage (Style/Stalls) | None | Detached 1 Car | Detached 1 Car | Carport 1 Car |
| Basement (Yes/No) | No | No | No | No |
| Basement (% Fin) | 0% | 0% | 0% | 0% |
| Basement Sq. Ft. | | -- | -- | -- |
| Pool/Spa | -- | -- | -- | -- |
| Lot Size | 0.19 acres | 0.13 acres | 0.12 acres | 0.15 acres |
| Other | -- | -- | -- | -- |
| Net Adjustment | -- | -$158,000 | -$169,000 | -$300,000 |
| Adjusted Price | -- | $422,000 | $591,000 | $550,000 |

* Sold 2 is the most comparable sale to the subject.
¹ Comp's "Miles to Subject" was calculated by the system.
² Comp's "Miles to Subject" provided by Real Estate Professional.
³ Subject $/ft based upon as-is sale price.

**Reasons for Adjustments**  Why the comparable sale is superior or inferior to the subject.

**Sold 1**  This property is in fair condition and is similar in general characteristics. There was a 5.8 K seller concession. 150K for condition.

**Sold 2**  This property is in fair condition and had a 19 K seller concession. It is similar to the subject property in general characteristics. 150 K for condition.

**Sold 3**  This property is an average condition and similar in general characteristics. 300 K adjustment for condition.

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

$550,000

Loan Number          ● As-Is Price

## Subject Sales & Listing History

| | |
|---|---|
| Current Listing Status | Not Currently Listed |
| Listing Agency/Firm | |
| Listing Agent Name | |
| Listing Agent Phone | |
| # of Removed Listings in Previous 12 Months | 0 |
| # of Sales in Previous 12 Months | 0 |

**Listing History Comments**

Recording Date:09/16/2024 Sale Date:07/03/2024 Sale Price:$860,000

| Original List Date | Original List Price | Final List Date | Final List Price | Result | Result Date | Result Price | Source |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## Marketing Strategy

| | As Is Price | Repaired Price |
|---|---|---|
| **Suggested List Price** | $550,000 | $950,000 |
| **Sales Price** | $550,000 | $950,000 |

**Comments Regarding Pricing Strategy**

The subject property is in poor condition and not habitable. An estimated 300 K was entered for cost to cure. Because this assignment is for as is value, the best available comps were chosen, and a 150 K adjustment was made for the comps in fair condition. For S3 a full 300K adjustment was made.

## Repair Addendum

**Exterior**

| | Comments | Estimated Cost |
|---|---|---|
| **Other** | Complete and total rehab | $300,000 |
| | **Total Estimated Exterior Repairs** | **$300,000** |

**Interior**

| | | |
|---|---|---|
| | **Total Estimated Interior Repairs** | **$0** |

## Clear Capital Quality Assurance Comments Addendum

**Reviewer's Notes** The difference in the as-is conclusion from the prior report is due primarily to the current full interior inspection (the current broker was able to view the condition of the subject's interior). The current report's as-repaired conclusion is generally in line with the prior report's as-is conclusion.

INTERIOR BPO
by ClearCapital

4416 MONT EAGLE PLACE
LOS ANGELES, CA 90041

Loan Number

$550,000
● As-Is Price

## Subject Photos



Front



Address Verification



Address Verification



Side



Back



Back

# INTERIOR BPO
by ClearCapital

4416 MONT EAGLE PLACE
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Subject Photos



Back



Street



Street



Kitchen



Bedroom



Bedroom

INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Subject Photos


Bedroom


Bathroom


Living Room


Living Room


Living Room


Living Room

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Subject Photos



Dining Room



Other

# INTERIOR BPO
by ClearCapital

4416 MONTEAGLE PLACE
LOS ANGELES, CA 90041

Loan Number

$550,000
● As-Is Price

## Listing Photos



3728 Roderick Rd
Los Angeles, CA 90065



Front

5139 San Rafael Ave
Los Angeles, CA 90042



Front

2633 Medlow Ave
Los Angeles, CA 90065



Front

INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

**$550,000**
● As-Is Price

Loan Number

## Sales Photos

**S1** 2834 Delevan Dr
Los Angeles, CA 90065



Front

**S2** 4006 Somers Ave
Los Angeles, CA 90065



Front

**S3** 4248 Division St
Los Angeles, CA 90065



Front

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041        Loan Number

**$550,000**
● As-Is Price

## Aerial Imagery Addendum

**Address**  4416 Mont Eagle Place, Los Angeles, CA 90041
**Loan Number** 53760    **Suggested List** $550,000    **Suggested Repaired** $950,000    **Sale** $550,000



**Subject**  4416 Mont Eagle Place    **View** Satellite    **Date** 9/19/2025

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

**$550,000**
Loan Number    ● As-Is Price

## ClearMaps Addendum

| Address | ⭐ 4416 Mont Eagle Place, Los Angeles, CA 90041 | | |
|---|---|---|---|
| Loan Number | 53760 | Suggested List $550,000 | Suggested Repaired $950,000 | Sale $550,000 |



| | Comparable | Address | Miles to Subject | Mapping Accuracy |
|---|---|---|---|---|
| ★ | Subject | 4416 Mont Eagle Place, Los Angeles, CA 90041 | -- | Parcel Match |
| L1 | Listing 1 | 3728 Roderick Rd, Los Angeles, CA 90065 | 0.83 Miles ¹ | Parcel Match |
| L2 | Listing 2 | 5139 San Rafael Ave, Los Angeles, CA 90042 | 0.98 Miles ¹ | Parcel Match |
| L3 | Listing 3 | 2633 Medlow Ave, Los Angeles, CA 90065 | 0.59 Miles ¹ | Parcel Match |
| S1 | Sold 1 | 2834 Delevan Dr, Los Angeles, CA 90065 | 0.63 Miles ¹ | Parcel Match |
| S2 | Sold 2 | 4006 Somers Ave, Los Angeles, CA 90065 | 0.75 Miles ¹ | Parcel Match |
| S3 | Sold 3 | 4248 Division St, Los Angeles, CA 90065 | 0.28 Miles ¹ | Parcel Match |

¹ The Comparable "Distance from Subject" value has been calculated by the Clear Capital system.
² The Comparable "Distance from Subject" value has been provided by the Real Estate Professional.

# INTERIOR BPO
by ClearCapital

**4416 MONT EAGLE PLACE**
LOS ANGELES, CA 90041          Loan Number          **$550,000**
● As-Is Price

## Satellite Map Addendum

| | | | | |
|---|---|---|---|---|
| **Address** | ⭐ 4416 Mont Eagle Place, Los Angeles, CA 90041 | | | |
| **Loan Number** | 53760 | **Suggested List** $550,000 | **Suggested Repaired** $950,000 | Sale $550,000 |



| Comparable | | Address | Miles to Subject | Mapping Accuracy |
|---|---|---|---|---|
| ⭐ | Subject | 4416 Mont Eagle Place, Los Angeles, CA 90041 | -- | Parcel Match |
| L1 | Listing 1 | 3728 Roderick Rd, Los Angeles, CA 90065 | 0.83 Miles [1] | Parcel Match |
| L2 | Listing 2 | 5139 San Rafael Ave, Los Angeles, CA 90042 | 0.98 Miles [1] | Parcel Match |
| L3 | Listing 3 | 2633 Medlow Ave, Los Angeles, CA 90065 | 0.59 Miles [1] | Parcel Match |
| S1 | Sold 1 | 2834 Delevan Dr, Los Angeles, CA 90065 | 0.63 Miles [1] | Parcel Match |
| S2 | Sold 2 | 4006 Somers Ave, Los Angeles, CA 90065 | 0.75 Miles [1] | Parcel Match |
| S3 | Sold 3 | 4248 Division St, Los Angeles, CA 90065 | 0.28 Miles [1] | Parcel Match |

[1] The Comparable "Distance from Subject" value has been calculated by the Clear Capital system.
[2] The Comparable "Distance from Subject" value has been provided by the Real Estate Professional.

# INTERIOR BPO
by ClearCapital

**4418 MONT EAGLE PLACE**
LOS ANGELES, CA 90041

Loan Number

**$550,000**
● As-Is Price

## Addendum: Report Purpose

### Market Approach and Market Time

The Market Approach of this report, as established by the customer, is: **Fair Market Price**. (See definition below.)
The Marketing Time as specified by the customer is **Typical**. (See definition below.)

| | |
|---|---|
| Definitions: | |
| Fair Market Price | A price at which the property would sell between a willing buyer and a willing seller neither being compelled by undue pressure and both having reasonable knowledge of relevant facts. |
| Distressed Price | A price at which the property would sell between a willing buyer and a seller acting under duress. |
| Marketing Time | The amount of time the property is exposed to a pool of prospective buyers before going into contract. The customer either specifies the number of days, requests a marketing time that is typical to the subject's market area and/or requests an abbreviated marketing time. |
| Typical for Local Market | The estimated time required to adequately expose the subject property to the market resulting in a contract of sale. |

# INTERIOR BPO
by ClearCapital

4416 MONT EAGLE PLACE
LOS ANGELES, CA 90041    Loan Number

**$550,000**
● As-Is Price

---

## Addendum: Report Purpose - cont.

### Report Instructions

This section shows the instructions that were approved by the customer and provided to the broker prior to completing the report.
Instructions last updated: 05/17/2024
Purpose:
Please determine a fair market price for this property at which it would sell in a typical marketing time for the area.

Interior Access Information:
This assignment requires an interior inspection of the property. To schedule the inspection, please contact the interior access name and number within four hours of accepting this report.
Service Providers performing interior inspections must follow all state and local government health and safety directives/laws.

If incorrect information is provided or there is no access information, please check your local MLS and contact the listing agent for this property. If a lock box code or key code is provided, please inspect the property within 48 hours of acceptance. If you experience any of the below issues, contact Clear Capital Broker Support within 24 hours so we can assist you with the completion of this report:

1. Unable to reach the Point of Contact (POC) - please reach out to the POC a minimum of 2 times before contacting Clear Capital
2. Difficulties scheduling an appointment
3. Lock Box/Key Code issues (Lock Box not on the property, code does not work)
4. An appointment has been made but it is past your due date and time

Comparable Requirements:
1. Please use fair market comps from the same neighborhood, block or subdivision whenever possible.
2. Please only use REO comparables if the market is driven by REOs and they are comparable in characteristics and condition.
3. Please use comps that have closed in the past 3 months to show the current market conditions or comment in the report if this is not possible. In rapidly changing markets, active listing comps should be given equal or greater weight than sold comps in your analysis.

Standard Instructions:
1. Clear Capital Code Of Conduct - Please make sure that you are always abiding by the Clear Capital Code of Conduct when completing valuation reports.
2. If the subject is currently listed, please consider all available information pertaining to the subject's condition. This information should be utilized when developing the assumption of the subject's condition.
3. Use the subject characteristics provided in the report Grid (if preloaded) to evaluate the property. This information is from a full interior appraisal and is assumed to be most accurate. If your inspection reveals obvious inaccuracies, please explain in the narrative of the report.
4. Include sufficient, factual detail to help our mutual customer gain a complete understanding of the subject's neighborhood such as substantiated distance to amenities, parks, schools, commercial or industrial influences, REO activity, traffic, etc.
5. Do not approach occupants or owners.
6. If the subject is a Commercial property, contact Clear Capital immediately at 530-582-5011 for direction on how to proceed with the report.
7. Please do not accept if you or your office has completed a report on this property in the last month, are currently listing this property, or have any vested interest in the subject property.
8. Clear Capital does not allow any log ins from IP addresses from foreign countries. This includes, but is not limited to; data entry services, form completion services, etc. Also, it is against Clear Capital code of conduct to share your password with anyone who is not a W2 employee in your office.
9. Clear Capital and our mutual customers greatly appreciate your expertise. If you cannot personally inspect the property, select comparables, and determine a price for the subject, please do not accept this report. Per the standards and guidelines adopted by Clear Capital and other industry leaders, the use of assistants to complete any of the aforementioned tasks is not permitted.
10. No part of your analysis or reporting may be based on the race, color, religion, sex, actual or perceived sexual orientation, actual or perceived gender identity, age, actual or perceived marital status, disability, familial status, national origin of either the prospective owners or occupants of the subject property, present owners or occupants of the property, or present owners or occupants of the properties in the vicinity of the subject property, or on any other basis prohibited by federal, state or local law.
11. When commenting on the subject property or comp selections, refrain from the use of unsupported or subjective terms to assess or rate, such as, but not limited to, "high", "low", "good", "bad", "fair", "poor", "strong", "weak", "rapid", "slow", "fast" or "average" without providing a foundation for analysis and contextual information. It is inappropriate to add language that could indicate

# INTERIOR BPO
by ClearCapital

Case 2:25-bk-19100-WB    Doc 15    Filed 11/05/25    Entered 11/05/25 12:20:10    Desc
Main Document    Page 124 of 140

4416 MONT EAGLE PLACE
LOS ANGELES, CA 90041    Loan Number

**$550,000**
🟡 As-Is Price

## Report Instructions - cont.

unconscious bias, including but not limited to: "pride of ownership," "crime-ridden area," "desirable neighborhood or location" or "undesirable neighborhood or location

Undue Influence Concerns

Please contact uiprovider@clearcapital.com for any Undue Influence concerns.

Independence Hotline

Please notify Clear Capital of any independence concerns by calling (530) 550-2138

Terms of Use, Code of Conduct and Professional Discretion:

Due to the importance of an independent opinion of price, please do not discuss your price with anyone or be influenced by list price, pending offers, accept comp packets, repair estimates or the listing agent's opinion.

If you accept and perform this assignment, you do so in accordance with the Clear Capital Vendor Agreement Terms of Use and Code of Conduct to which you agreed.

All interactions with consumers (borrowers, homeowners, POCs, etc.) must be performed in a professional manner. Should you observe any concerning or suspicious activity while you engage with a consumer whether onsite or otherwise, please contact Clear Capital immediately. Please refrain from discussing anything related to the observation with the consumer directly. This includes suspected elder abuse, elder financial abuse, vulnerable adults, fraud, forgery or any violations of local, state or federal laws.

Photo Instructions:

1. Photos should be clear of car window glare, door frames, and mirrors.
2. One current, original photo of the front of the subject, framed and focused, parallel to the horizon.
3. One address verification photo
4. One street scene photo looking down the street
5. Damages (upload enough photos to support your repair cost estimates.)
6. At least 8 interior photos - one of each room, and any glaring items that affect the valuation of the property positively or negatively.
7. MLS photos of all (3) sold comparables, if available
8. MLS photos of all (3) listing comparables, if available


# INTERIOR BPO
by ClearCapital

**4416 MONTEAGLE PLACE**
LOS ANGELES, CA 90041

**$550,000**
Loan Number    ● As-Is Price

## Broker Information

| Broker Name | Mark Overholt | Company/Brokerage | Graff Real Estate |
|---|---|---|---|
| License No | 02009173 | Address | 5604 Rhodes Ave, 101 Valley Village CA 91607 |
| License Expiration | 07/22/2028 | License State | CA |
| Phone | 8184483764 | Email | LYLrealestate@gmail.com |
| Broker Distance to Subject | 11.09 miles | Date Signed | 09/16/2025 |

*By confirming the above contact and real estate license information and submitting the report, the above signed hereby certifies and agrees that: 1) I personally took the pictures, selected comparables, and determined the price conclusion. 2) To the best of my knowledge, the statements of fact contained in this report are true and correct. 3) The reported analyses, opinions, and conclusions are my personal, impartial, and unbiased professional analyses, opinions, and conclusions. 4) I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved. 5) I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment. 6) My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined price point. 7) I did not base, either partially or completely, my analysis and/or opinion and conclusions in this report on race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law. 8) I maintain errors and omissions insurance, to the extent required by state law, for all liability associated with the preparation of this Report.*

## Disclaimer

**This document is not an appraisal as defined by USPAP (Uniform Standards of Professional Appraisal Practice). It is not to be construed as an appraisal and may not be used as such for any purpose.**

**Unless otherwise specifically agreed to in writing:**
**The intended purpose of this report is to assist the Clear Capital account holder in making decisions within the scope of applicable statutory and regulatory requirements and performing required due diligence. This document is provided solely for the use of the Clear Capital account holder and not any other party, is not intended as any guarantee of value and/or condition of the subject property and should not be relied on as such. In the event that this document is found to be defective, incorrect, negligently prepared or unfit for its authorized use, Clear Capital's sole liability shall be to promptly refund the total fee expended by the account holder for this report or to replace it at no charge to the account holder, but in no event shall Clear Capital be responsible to the account holder for any indirect or consequential damages whatsoever. This warranty is in lieu of all other warranties, express or implied, except where otherwise required by law. The account holder shall notify Clear Capital within thirty (30) days of this report's delivery to the account holder if it believes that this document is defective, incorrect, negligently prepared or unfit for its authorized use. Under no circumstances may Clear Capital forms or their contents be published, copied, replicated, or mimicked.**

Exhibit 9

10/22/2025

**California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**(714) 283-2180**

# DEMAND FOR PAYOFF

LENDER / ATTORNEY USE:
Borrower:         CASA FOR YOU, LLC
Re: TS#:                                              Loan#:
Property Address:      4416 MONT EAGLE PLACE
                      LOS ANGELES, CA 90041

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **10/28/2025** is as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $843,842.26 |
| Accrued Interest from 3/1/2025 | $75,383.24 |
| Accrued Late Charges: | $4,387.78 |

## Interest Information

| From | Through | Payment Amount | Payments | Late Charge | Interest Rate | Interest on UPB |
|---|---|---|---|---|---|---|
| 3/1/2025 | 4/30/2025 | | | $381.49 | 10.5% | $15,013.36 |
| 5/1/2025 | 5/31/2025 | | | $369.18 | 10.5% | $7,629.74 |
| 6/1/2025 | 6/15/2025 | | | $369.18 | 10.5% | $3,691.81 |
| 6/16/2025 | 6/30/2025 | | | $0.00 | 15.5% | $5,449.81 |
| 7/1/2025 | 9/30/2025 | | | $1,089.31 | 15.5% | $33,425.53 |
| 10/1/2025 | 10/28/2025 | | | $0.00 | 15.5% | $10,172.99 |

## Charges and Advance Details

| From | Description | Int. Rate | Charges & Advance Amount | Interest on Charges & Advances |
|---|---|---|---|---|
| 11/01/2024 | Prior Unpaid Late Charges () | 0% | $740.79 | $0.00 |
| 04/07/2025 | Notice of Intent () | 0% | $95.00 | $0.00 |
| 06/02/2025 | Unpaid Interest () | 0% | $44.86 | $0.00 |
| 06/10/2025 | Interest on advances () | 0% | $306.21 | $0.00 |

| | |
|---|---|
| Total Charges & Advances: | $1,186.86 |
| Total Foreclosure Fees and Costs: | $7,264.91 |
| Payoff Amount as of 10/28/2025 | $932,065.05 |
| Daily interest: | $363.32 |
| Sale Date Scheduled: | **10/29/2025** |

Please submit your **Certified Funds**, payable to:
 **California TD Specialists, ATTN: Patricio S. Ince'**
 **8190 East Kaiser Blvd., Anaheim Hills, California 92808**
**Please be advised that this figure is subject to change due to escrow disbursements and advances.  Please contact this office to verify that these figures have not changed.**

Thank you,                                                                LENDER AGREES WITH THE AMOUNT ABOVE

_____                    _____
                                                                                 CAFL 2024-RTL1 ISSUER, LP

Exhibit 10

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

_____ District of _____

Case number (*if known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**FILED**

**OCT 14 2025**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | FERNANDO<br>First name<br><br>Middle name<br>FERNANDEZ<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business* as names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 9 1 7 5<br>OR<br>9 xx – xx – ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ |

Debtor 1    **FERNANDO    FERNANDEZ**    Case number *(if known)*_____
_____
First Name    Middle Name    Last Name

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ | EIN __ __ – __ __ __ __ __ __ __<br><br>EIN __ __ – __ __ __ __ __ __ __ |

**5. Where you live**

4416 MONT EAGLE PL
Number    Street

LOS ANGELES    CA    90041
City    State    ZIP Code

LOS ANGELES
County

**If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.**

Number    Street

P.O. Box

City    State    ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

City    State    ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.**

Number    Street

P.O. Box

City    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)
_____
_____
_____

Debtor 1    __FERNANDO_____    __FERNANDEZ_____    Case number (if known)_____
           First Name   Middle Name        Last Name

---

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---------|-------------------------------------------|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
|  |  |  | MM / DD / YYYY |  |  |
| District | _____ | When | _____ | Case number | _____ |
|  |  |  | MM / DD / YYYY |  |  |
| District | _____ | When | _____ | Case number | _____ |
|  |  |  | MM / DD / YYYY |  |  |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.

| Debtor | _____ |  | Relationship to you | _____ |
|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known_____ |
|  |  |  | MM / DD / YYYY |  |
| Debtor | _____ |  | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known_____ |
|  |  |  | MM / DD / YYYY |  |

**11. Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

   ☐ No. Go to line 12.

   ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Debtor 1    **FERNANDO          FERNANDEZ**                     Case number *(if known)* _____
            <sub>First Name    Middle Name    Last Name</sub>

| Part 3: | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                                     State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1    __FERNANDO_____    __FERNANDEZ_____    Case number (if known)_____
                First Name    Middle Name    Last Name

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard?    _____
                              _____

If immediate attention is needed, why is it needed? _____
                              _____

Where is the property?    _____
                          Number        Street

                          _____
                          City                    State    ZIP Code

Debtor 1     __FERNANDO_____ __FERNANDEZ_____     Case number (if known)_____
First Name   Middle Name   Last Name

---

**Part 5:   Explain Your Efforts to Receive a Briefing About Credit Counseling**

**16. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

❑ **I am not required to receive a briefing about credit counseling because of:**

❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

❑ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

❑ **I am not required to receive a briefing about credit counseling because of:**

❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

❑ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1  __FERNANDO__  _____  __FERNANDEZ__  _____          Case number (if known)_____
First Name    Middle Name    Last Name

| Part 6: | Answer These Questions for Reporting Purposes |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

☑ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____          ✗ _____
Signature of Debtor 1                     Signature of Debtor 2

Executed on __10/14/2025__              Executed on _____
MM / DD / YYYY                          MM / DD / YYYY

Debtor 1    **FERNANDO**    **FERNANDEZ**    Case number (if known)_____
　　　　　First Name　　Middle Name　　Last Name

| For your attorney, if you are represented by one | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

**If you are not represented by an attorney, you do not need to file this page.**

✖ _____    Date _____
　Signature of Attorney for Debtor　　　　　　　　　　　MM  /  DD  / YYYY

Printed name _____

Firm name _____

Number    Street _____

_____

City _____  State _____  ZIP Code _____

Contact phone _____  Email address _____

Bar number _____  State _____

Debtor 1    **FERNANDO**        **FERNANDEZ**                    Case number *(if known)*_____
First Name    Middle Name        Last Name

| **For you if you are filing this bankruptcy without an attorney** | The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.** |
|---|---|

**If you are represented by an attorney, you do not need to file this page.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _/s/ Fernando/_____        ✗ _____
    Signature of Debtor 1                        Signature of Debtor 2

Date    10/14/2025                        Date    _____
    MM / DD  / YYYY                            MM / DD / YYYY

Contact phone _____        Contact phone _____

Cell phone _____            Cell phone _____

Email address _____        Email address _____

CALIFORNIA TD SPECIALISTS
8190 E KAISER BLVD
ANAHEIM, CA 92808


SN Servicing
323 5th St,
Eureka, CA 95501


ShellPoint Mortgage Servicing
PO Box 1410
Troy, MI 48099-1410


PEAK FORECLOSURE SERVICES INC
5900 CANOGA AVE STE 420
WOODLAND HILLS, CA 91367


PRESTIGE DEFAULT SERVICES SERV
1920 OLD TUSTIN AVE
SANTA ANA, CA 92705

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Tustin Avenue, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/05/2025  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor(s): PRO SE
Chapter 13 Trustee: Nancy K Curry (TR),inquiries@trusteecurry.com
U.S. Trustee: United States Trustee (LA),ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/05/2025  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Fernando Fernandez 4416 Mont Eagle Pl Los Angeles, CA 90041
Honorable Julia W. Brand 255 E. Temple Street, Suite 1382  Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/05/2025 | Kaitlyn May | /s/ Kaitlyn May |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.